HARRISON'S EXECUTORS *vs.* CORDLE ET AL.

1. In assumpsit by husband and wife against the executors of the wife's father, on an alleged indebtedness of the deceased to the wife, *it was held:*

    1. That a memorandum book in the handwriting of the deceased, containing entries made by him a few days before his death, and purporting to give a list of all the debts owing by him, is not admissible evidence for the defendants.

    2. That after plaintiffs had introduced evidence of declarations made by the deceased, as to his intention to give each one of his daughters the same amount of property, and of the amount given to the others, it was competent for the defendants to rebut this proof, by evidence showing that the deceased had given money and property to plaintiffs by way of advancement, and had supplied them with the means of living for a number of years.

ERROR to the Circuit Court of Limestone.

Tried before the Hon. THOMAS A. WALKER.

This was an action of ASSUMPSIT, by the defendants in error against the plaintiffs in error, as the executors of the last will and testament of Benjamin Harrison, deceased, to recover an amount of money alleged to be due and owing from Harrison, in his life time, to Mrs. Cordle, one of the plaintiffs below. The issues were *non assumpsit*, payment, set-off, and the statute of limitations of three and six years.

On the trial, the plaintiffs, in order to maintain their action, introduced proof showing that Mrs. Cordle, one of the plaintiffs, was the daughter of Benj. Harrison, deceased; that said Benjamin, in his life time, had said to the said Caroline (his daughter, one of the said plaintiffs) that he had money for her in his hands, and on several occasions he had said that he intended to give her as much as he had given to his other children, and particularly as much as he had given Mrs. Anderson, another of his daughters; that on one occasion, he had asked the said Caroline why she did not go to the Springs, and she replying that she had not the means, he replied that she had plenty of means in his hands, that she had not yet drawn her portion as the other children had, and she could have it whenever she called for it. The plaintiffs further proved, that the said Benjamin, in his life time, and about the year 1847, placed

30

upon one of his plantations twenty negroes, and put them under the control and management of one Anderson, his son-in-law; that said Anderson received for his share of the proceeds of said plantation, eight-twentieths. The bill of exceptions does not set forth any proof of a gift, by actual delivery, of any money or thing to the said Caroline; but states that the said Harrison had said that he intended to give to the said Caroline as much as he had given the other children, and acknowledged that he had money for her in his hands.

The plaintiffs then introduced one Bradley, who swore that the share of Anderson of the proceeds of the plantation of which he was in possession, under the said Harrison, during the three years, were as follows: one year $339; one year $1056, and one year $320. " The defendants offered to prove by said Bradley, that the plaintiff, C. W. Cordle, with his family, occupied a house and plantation of the testator four or five years anterior to 1847, and that the use of said house and plantation were worth $400 per annum; to the admission of which evidence the plaintiffs' counsel objected. The objection was sustained by the court," and the defendants excepted. The defendants also offered to prove, by the same witness, that the said testator had given plaintiffs, prior to 1847, a negro boy, which the said plaintiffs had sold to the witness for $600; to the admission of this evidence the plaintiffs objected, and the court sustained the objection, and the defendants excepted. The defendants also offered in evidence a memorandum book made by the said testator, in his life time and shortly before his death, purporting to state all the debts that he owed in the world, in which said list was not found any memorandum of indebtedness to the plaintiffs or either of them; to the admission of this evidence the plaintiffs also objected; the objection was sustained, and the defendants also excepted.

The errors here assigned are, the rejection by the court of the evidence above stated offered by defendants.

C. C. CLAY, Jr., & J. W. CLAY, for plaintiffs in error.

ROBERT C. BRICKELL, contra.

GIBBONS, J.—The record before us presents no question

as to the legal effect of the plaintiffs' evidence before the jury. It seems to have been received on the trial below without objection, and no question of law raised upon it, as to whether it showed or tended to show a legal liability against the executors of Benjamin Harrison, deceased. Confining ourselves, therefore, entirely to the points presented by the record, we proceed to notice the matters assigned for error.

The defendants below offered, for the purpose of rebutting the plaintiffs' proof tending to show an indebtedness to Mrs. Cordle, one of the plaintiffs, a memorandum book in the handwrite of the said Benjamin Harrison, deceased, made a short time before his death. This piece of evidence, on motion of the plaintiffs, was excluded by the court. In this there was no error. To have admitted it, would have been to violate a familiar principle of evidence, that a party cannot manufacture evidence for himself. This memorandum, made by the deceased, in his life time, in the absence of the plaintiffs, and without their knowledge, was no more evidence in the hands of the executors on the issues before the jury, than it would have been in the hands of the testator, if he was the actual defendant in the cause.

Not so, however, as respects the other proof offered by the defendants and rejected by the court. The proof of the plaintiffs, as set out in the bill of exceptions, tended to show an indebtedness on the part of the testator in his life time to Mrs. Cordle, one of the plaintiffs, on account of money or property which he had given her or promised to give her, by way of advancement, or for natural love and affection. As to the competency of this proof to establish an indebtedness against the estate, for which assumpsit would lie, as above remarked, we express no opinion, because no question is presented for our decision upon that subject. But conceding, for the present, that all the plaintiffs' evidence was competent under the issues joined, it was defective in not fixing any amount by which the jury could be guided in assessing the damages. It was, we presume, for the purpose of supplying this defect that the testimony of Bradley was introduced by the plaintiffs. Other witnesses on the trial had testified, that the testator had declared that Mrs. Cordle, one of the plaintiffs, should have as much as Mrs. Anderson, another daughter of the testator;

and that he intended to give to all of his children alike. The only relevancy, then, that we can see in the testimony of Bradley, was to fix the amount that the testator had given to Mrs. Anderson, or to her husband. The testimony elicited from Bradley, by the defendants, tended to show that the testator had given money and property to the plaintiffs by way of advancement, and supplied them with the means of living for a series of years. Conceding the competency of the plaintiffs' testimony, this evidence was undoubtedly competent by way of rebutting proof to all, or nearly all, of the plaintiffs' evidence. It manifestly tended to diminish the balance in the testator's hands, in order to equalize the advances made to each child. The plaintiffs' proof tended to establish this balance at a certain point. This proof tended to reduce it, and was good as rebutting proof.

For this error, let the judgment of the court below be reversed, and the cause remanded.

LIGON, J., did not sit in this case.