# Brown v. The State.

*Indictment for Burglary.*

1. *Charge to the jury; sufficiency of evidence.*—A charge which instructs the jury that they must find the defendant not guilty if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence, asserts a correct proposition and should be given.

2. *Same; reasonable doubt.*—A charge which instructs the jury that before "they can convict the defendant every member of the jury must be satisfied beyond a reasonable doubt of

the guilt of the defendant, asserts a correct proposition of law, and should be given.

3. *Same; same; burden of proof.*—A charge is correct and should be given at the request of the defendant in a criminal case, which instructs the jury that "the burden is upon the State and it is the duty of the State to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty; and unless the State has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty."

4. *Same; same; same.*—A charge asserts a correct proposition and should be given at the request of the defendant in a criminal case, which instructs the jury that "the only foundation for a verdict of guilty * * * is that the entire jury shall believe from the evidence beyond a reasonable doubt and to a moral certainty that the defendant is guilty as charged in the indictment, to the exclusion of every probability of his innocence and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof and to so impress the minds of the jury of his guilt, they should find him not guilty."

5. *Same; same; same.*—A charge asserts a correct proposition of law, which instructs the jury that "before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the guilt of the defendant, but it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty;" and such charge should be given at the request of the defendant in a criminal case.

6. *Same; trial and its incidents; when refusal to give charge not justified on account of being mere repetitions of instructions already given.*—Charges which, when abstractly considered are sound expositions of law, and which are applicable to the case as presented by the evidence, can not be refused by the court on the ground that they are substantially repetitions of charges already given, when upon a comparison of the charges given with those refused, there is shown to exist substantial and material differences.

APPEAL from the Circuit Court of Colbert.

Tried before the HON. THOMAS R. ROULHAC.

The appellant, Otis Brown, was indicted, tried and convicted for burglary; the house burglarized being

alleged in the indictment and shown by the evidence to belong to the Sheffield Coal, Iron & Steel Company. The facts pertaining to the only rulings of the trial court reviewed on the present appeal, are sufficiently set forth in the opinion.

W. P. & W. L. CHITWOOD, for appellant, cited *Howard v. State,* 108 Ala. 572; *Carter v. State,* 103 Ala. 93; *Gilmore v. State,* 99 Ala. 155; *Burton v. State,* 107 Ala. 108.

WILLIAM C. FITTS, Attorney-General, for the State, cited *Allen v. State,* 111 Ala. 80; *Smith v. State,* 92 Ala. 30.

McCLELLAN, J.—The only exceptions reserved below went to the action of the court in refusing to give certain charges requested by the defendant. The refusal in each instance proceeded upon the idea, and was expressly based on the ground that the court had already in substance given, at the request of the defendant in writing the instruction under consideration. It, therefore, becomes necessary to set out the instructions so given and those refused, that it may be seen whether those refused were substantial repetitions of those given. Those given were the following: (1.) "Gentlemen of the jury, you have no right to capriciously reject the testimony of any witness." (2.) "Gentlemen of the jury, if you have a reasonable doubt whether the defendant broke into the office of the Sheffield Coal, Iron and Steel Company in this case, you will find him not guilty." (3.) "Before the jury should convict the defendant, the hypothesis of his guilt should flow naturally from the facts proved and be consistent with all of them." (4.) "If you believe that the defendant has reasonably accounted for his possession of the stolen checks in this case, you should find him not guilty." And those refused were as follows: (5.) "Gentlemen of the jury, if the evidence has reasonably satisfied you that the defendant has accounted for his possession of the checks in evidence, you should find him not guilty." (6.) "The jury must find the defendant not guilty, if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence." (7.) "Before the jury can convict the defend-

ant every member of the jury must be satisfied beyond a reasonable doubt of the guilt of the defendant." (8.) "The burden is upon the State, and it is the duty of the State, to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty; and unless the State has done that in this case, it is your duty, gentlemen of the jury, to render a verdict of not guilty." (9.) "The only foundation for a verdict of guilty in this case is that the entire jury shall believe from the evidence beyond a reasonable doubt, and to a moral certainty, that the defendant is guilty as charged in the indictment to the exclusion of every probability of his innocence, and every reasonable doubt of his guilt; and if the prosecution has failed to furnish such measure of proof, and to so impress the minds of the jury of his guilt, they should find him not guilty." (10.) "Before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the guilt of the defendant, but that it is wholly inconsistent with every other rational conclusion; and unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty."

It is clear that charge 5 refused is in substance the same as charge 4 given; and of course no error was committed in the refusal of the former. Charge 1 given for defendant is upon a matter not touched upon in any of the charges refused, and so on the present inquiry it may be left out of view. There remains only charges 2 and 3, given for defendant, to embody the propositions set forth in charges 6 to 10, inclusive, refused to defendant. An extended discussion of this matter would subserve no valuable end. It is not even necessary, we think, to point out the differences between the charges given and those refused. Differences do exist; substantial, material differences, which are apparent upon a comparison of the charges given with those refused as set out above; those refused are not substantially the same as those given; and the ruling of the court in its refusals to charge as requested cannot be sustained on the ground upon which it was based.

[Scott v. The State.]

Abstractly considered charges 6 to 10, inclusive, were sound expositions of law. They were applicable to the case as presented by the evidence. They should have been given.

Reversed and remanded.