# Williams *v.* State.

## *Murder.*

[Decided Feb. 8, 1906,* 40 So. Rep. 405.]

1  *Appeal; Review; Discretion of Court; Excusing Juror.*—The court, for good and sufficient reasons stated, excused a juror who had been regularly drawn and summoned for the week in which defendant's case was set for trial; and before the case was called; Held, not error.

2  *Witnesses; Credibility; Examination; Conviction of Crime.*— A conviction for perjury, or subornation of perjury, renders one incompetent to testify; and a conviction for any infamous crime goes to the credibility of a witness; and none other than infamous crime can be inquired about for the purpose of affecting the credibility of a witness.

3.  *Same; Examination.*—It is not specific enough to inquire of a witness as affecting his credibility, if he was not convicted of crime in a certain court.

4.  *Same.*—A witness, having stated on direct examination that a certain person's character is good, may be asked on the cross if he had heard that such person had been turned out of the church for a crime involving moral turpitude.

5.  *Homicide; Indictment; Instrument.*—Under an indictment charging murder by striking with an instrument unknown to the grand jury, evidence may be given and a conviction had upon proof that the thing used to produce death was a rock.

6  *Same; Self Defense; Duty to Retreat; Provoking Difficulty.*— In a case of homicide, when the evidence showed that the difficulty in which the deceased was killed was but a continuation of a difficulty between deceased and defendant's wife and daughter, a charge hypothesized upon defendant's freedom from fault in bringing on the difficulty, and not upon the freedom from fault of defendant's wife was properly refused.

7  *Criminal Law; Presumption of Innocence.*—The presumption of defendant's innocence attends him until overturned by the testimony which convinces the jury beyond a reasonable doubt of his guilt, and a charge which asserts that such presumption attends him throughout the entire trial, is bad and properly refused.

*Rehearing denied April 3, 1906.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The defendant was tried and convicted of murder of Alex Patterson and sentenced to the penitentiary for twelve years. The facts necessary to a proper under standing of the opinion are set out there. Charge 1, requested by the defendant was the general affirmative charge. Charge 2: If the jury believe from the evidence that the defendant struck Alex Patterson with a rock which caused his death, the jury must find the defendant not guilty. Charge 3; If the jury believe from the evidence that the defendant did not strike Alex Patterson, the deceased, with an instrument, but with a rock, you must find the defendant not guilty. Charge 4; If the defendant was free from fault in bringing on the difficulty, then he was under no duty to retreat, unless you believe he could have retreated without increasing his danger or with reasonable safety. Charge 5. The court charges the jury that the defendant is presumed to be innocent, and that presumption should be weighed and considered as a matter of evidence, and should be considered with the evidence sworn to upon the stand and should be remembered and considered throughout the entire trial, and if after considering all the evidence, you are not satisfied beyond a reasonable doubt that the defendant is guilty, the jury must find the defendant not guilty.

HILL, HILL & WHITING, for appellant.—The trial judge cannot, without the consent of the accused, excuse a regular juror on the venire from which the jury to try a capital felony is to be selected. If he can then all the legislative enactments intended to guarantee to one charged with a capital felony the right to have a fair and impartial jury, and the right to know who are his prospective jurymen, are made subject to the discretion of the trial judge. If he may excuse one, he may excuse all.—*Phillips v. State*, 68 Ala. 474.

A witness may be examined touching his conviction for crime and his answers may be contradicted by other evidence. The court erred in sustaining the objection of the State to the question propounded to the witness

Patterson by the defendant; "Were you ever convicted of a crime in the City Court of Montgomery?"—Sec. 1796, Code 1896.

Charges 1, 2 and 3 refused to the defendant ought to have been given. The indictment charged that the defendant killed Alex Patterson "By striking him with an instrument to the grand jury unknown." A rock is not an instrument, as used in the indictment.

Charge 4 refused to the defendant should have been given.—*Deal v. State,* 136 Ala. 52; *Sherill v. State,* 138 Ala. 16; *Hamil v. State,* 90 Ala. 581; 1 Mayfield's Dig. 804.

Charge 5 should have been given.—*Newsom v. State,* 107 Ala. 133; *Coffin v. U. S.,* 156 U. S. 432.

MASSEY WILSON, Atty. Gen. for State.—The action of the court in excusing the juror Jones, was proper.— *Plant v. State,* 140 Ala. 52; Section 5020, Code 1896.

Section 1796 of the Code of 1896 was intended merely to abolish the rule requiring the introduction of the record to prove the conviction of crime, and does not make testimony relevant and admissible which was irrelevant and inadmissible theretofore. The court therefore properly sustained the objection to the question propounded to the witness, Patterson by the defendant.—*Braham v. State,* 38 So. 919; *Gorden v. State,* 140 Ala. 29. Charges 1, 2 and 3, requested by defendant were properly refused. The word "instrument" is merely a generic term or designation of the means producing death, and a rock of necessity comes within the meaning of the term.—*Smith v. State,* 39 So. 329.

Charge 4 was properly refused. Defendant was not in position to set up self defense for two reasons. Under the defendant's own testimony, the general affirmative charge for the State could have properly been given, and in such a case all other charges for defendant may properly be refused.—*Parrish v. State,* 139 Ala. 16, 52; *Teague v. State,* 120 Ala. 309. Moreover, the charge under consideration was bad in the failure to contain certain hypothesis.—*Reese v. State,* 135 Ala. 13; *Sherill v. State,* 138 Ala. 3.

[Williams v. State.]

Charge 5 was properly refused. The presumption of innocence does not attend the accused throughout the trial, but only to the point when the jury becomes convinced of his guilt beyond a reasonable doubt.—*Newsom v. State,* 107 Ala. 133; *Harris v. State,* 123 Ala. 69.

DENSON, J.—The venire from which the jury to try the case was to be selected was composed of 100 jurors, including the regular jurors who were summoned to serve during the week of the court in which the defendant's case was set for trial. This was in accordance with the jury law applicable to Montgomery county.

While the jury to try the cause was being selected, the name of John Jones was drawn. The bill of exceptions recites that juror Jones did not answer, and when Jones failed to answer the court announced that he had at a previous day, when organizing the regular jury, excused him as a juror for good and sufficient reasons then made known to the court. It is conceded by appellant that the court's action in this respect was in keeping with previous decisions of this court, but he insists that those decisions are unsound. The action of the court was authorized by section 5020 of the Code of 1896, and we are satisfied with the former decisions upon the question.— *Plant's Case,* 140 Ala. 52, 37 South. 159; *Moseley's Case,* 107 Ala. 74, 17 South. 932; *Maxwell's Case,* 89 Ala. 150, 7 South. 824; *Thomas' Case,* 124 Ala. 48, 27 South. 315; *Fariss' Case,* 85 Ala. 1, 4 South. 679. The last cited overrules *Parsons' Case,* 22 Ala. 50, which held that to excuse under circumstances like those shown in the case at bar was error. The court did not err in excusing the juror Jones.

Section 1795 of the Code of 1896 provides that: "No objection must be allowed to the competency of a witness because of his conviction of any crime, except perjury or subordination of perjury; but if he has been convicted of other infamous crimes the objection goes to his credibility." The object and effect of this statute was declared in the recent case of *Gordon v. State,* 140 Ala. 29, 36 South. 1009, it was also declared in that case that evidence of conviction of a crime which is not infamous is

2

not proper subject of proof for the purpose of affecting the credibility of a witness.—*Smith's Case,* 129 Ala. 89, 29 South. 699, 87 Am. St. Rep. 47. Section 1796 of the Code provides that: "A witness may be examined touching his conviction for crime, and his answer may be contradicted by other evidence." Constuing the two sections of the code together, it is obvious that it is only with reference to convictions for crimes that are infamous that a witness may be examined, and it is only that character of crimes that under the statute affect the credibility of a witness.—*Smith's Case and Gordon's Case, supra.* This being true, it follows that the question propounded by the defendant on cross-examination to witness Lon Patterson, "Were you ever convicted of a crime in the city court of Montgomery?" was too general, and the court did not err in sustaining the objection to it. Irrelevant and illegal evidence would have been responsive to it, and where this is true of a question an objection may be properly sustained to it.—*Ross' Case,* 139 Ala. 144, 36 South. 718; *Braham's Case* (Ala.) 38 South., bottom of page 923.

The witness, Jim Milligan, who was examined by the defendant, having testified that he knew the character of defendant's witness Tim Harris, and that it was good, the court properly allowed the state to ask Milligan, on cross-examination, this question: "Did you ever hear that Tim Harris was turned out of church down there for living in adultery with a negro woman." The question was competent for the purpose of testing the value of the evidence of witness Milligan, and not as affecting the character of the witness Harris.—*Thompson's Case,* 100 Ala. 70, 14 South. 878; *Moulton's Case,* 88 Ala. 116, 6 South. 758, 6 L. R. A. 301; *Smith's Case,* 103 Ala. 57, 15 South. 866;*Holmes' Case,* 88 Ala. 26, 7 South. 193, 16 Am. St. Rep. 17; *Terry's Case,* 118 Ala. 79, 23 South. 776.

The indictment charged that the defendant killed Alex. Patterson, "by striking him with an instrument to the grand jury unknown." The evidence showed that defendant killed the deacesed by striking him on the head with a rock. Charges 1, 2 and 3, refused to the defendant it is argued by counsel, were asked upon the theory that a rock is not an "instrument," within the meaning of the

averments of the indictment, · Webster defines the word "instrument"; (1) "That by means of which any work is performed, or result is effected." So, in this indictment, the word "instrument" is used as a generic term, and, as suggested by the Attorney General's brief, of necessity comprehends a rock as the means by which the killing was effected. Code 1896, § 4906. The charges were properly refused.

Charge 4, refused to defendant, is a verbatim copy of charge 12, which was held good in *Deal's Case*, 136 Ala. 53, 34 South. 25. But in that case the court said: "In view of the whole evidence, and especially of that phase of it favoring the defense, the defendant was entitled to have the jury instructed as proposed by charge 12." So the court construed the charge in that case in connection with the evidence, and this rule should be observed by this court in construing all charges refused or given by the trial court.—*Howard's Case*, 108 Ala. 571, 18 South. 813. In the case at bar there was evidence that a difficulty between defendant's wife and daughter on one side and the daughter of deceased and himself on the other side was going on, and that defendant's wife sent her daughter to the house to tell defendant to come at once; that defendant did go at once to where the parties were engaged in the difficulty, and that the difficulty in which the deceased was killed was but a continuation of the difficulty between defendant's wife and daughter and deceased's daughter. So it is clear, under the evidence, that charge 4, even under the *Deal Case*, should have hypothesized freedom from fault on the part of defendant's wife and daughter, and, failing to do so, it was well refused. *Sherrill's Case*, 138 Ala. 3, 35 South. 129.

The presumption of innocence does not necessarily attend a defendant "throughout the entire trial," but, as was said in *Waters' Case*, 117 Ala. 108, 22 South. 490, "only until it is overturned by evidence which convinces the jury of defendant's guilt beyond a reasonable doubt." *Newsom's Case*, 107 Ala. 133, 18 South. 206. In this respect charge 5, requested by the defendant, differs from charge 18, which in *Bryant's Case*, 116 Ala. 445, 23 South. 40, was held a good charge, and the court properly refused it.—*Waters' Case, supra*.

[Harrison v. State.]

There is no error in the record, and the judgment is affirmed.

Affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.