# Windham *v*. Hydrick.

### Detinue.

(Decided May 1, 1916.   Rehearing denied June 30, 1916.
72 South. 403.)

1. **Appeal and Error; Review; Findings.**—Where there is evidence amply sufficient to support a verdict for either party, the appellate court will not revise or review disputed questions of fact, as such court can review only questions of law properly presented.

2. **Detinue; Evidence.**—Where plaintiff had voluntarily testified to the purchase of certain articles from a widow, and introduced a receipt as to all or part thereof, and a showing as to the value of each, and as to the amount of the mortgage debt, and other debts which the husband of the widow owed him, and that the property was taken in payment of such debt, it was competent for defendant to prove by the plaintiff and other witnesses the value of the articles purchased.

3. **Same.**—In such a case a receipt reciting a consideration of some hundreds of dollars for all the property in gross, purchased by plaintiff of the widow, was open to explanation by parol evidence, it not being a writing conclusive as to its recitals.

4. **Appeal and Error; Invited Error.**—It is not error to receive irrelevant evidence to rebut evidence of like kind offered by the complaining party.

5. **Witnesses; Cross Examination.**—It is largely discretionary with the trial court what extent and scope it will give to the cross examination of a witness.

6. **Same; Review; Jury Question.**—The truth or falsity of a witness's testimony is a question for the jury.

7. **Detinue; Evidence.**—Where the action was detinue, plaintiff claiming as purchaser from a widow, and the widow testified that her agreement to sell was conditioned on the fact that plaintiff held a mortgage on the property, it was competent for defendant to prove that plaintiff had no mortgage.

8. **Evidence; Part of Conversation.**—Where plaintiff proved part of a conversation between him and the widow from whom he claimed to have purchased certain property, it was competent for defendant to introduce all that was said therein, relating to the subject matter of the suit.

9. **Detinue; Evidence.**—Where plaintiff claimed as a purchaser from a widow, property taken in satisfaction of her husband's indebtedness to him, which was secured by mortgage, evidence that all the indebtedness due plaintiff from the husband was paid by other property taken by plaintiff, and applied thereto, and that no consideration passed from plaintiff for the property, was admissible.

APPEAL from Lamar Circuit Court.
Heard before Hon. BERNARD HARWOOD.

Detinue by R. V. Windham against .T. R. Hydrick. Judgment for defendant and plaintiff appeals. Affirmed.

Transferred from Court of Appeals.

WALTER NESMITH, for appellant. BEASLEY & WRIGHT, for appellee.

MAYFIELD, J.—This is an action of detinue to recover an old, worn-out mower, estimated to be worth from $35 to $50. The suit, during the last four years, has been in and through the justice court, the circuit court, and the Court of Appeals, and has at last reached this court; and we are now asked to pass upon every question of fact and of law which the ingenuity of counsel could raise in the justice or in the circuit court. But for the fact that the witnesses are not before us, the trial is as much de novo here, as it was in the circuit court. There never has been involved any intricate or doubtful question of law, upon which the rights of the litigants depend. These rights depend solely upon a petty disputed question of fact on which the parties have personal feelings. The right and title to the mower depends upon the question whether or not appellant purchased it from Mrs. Annie Atkins, a widow, in part payment of a debt evidenced by mortgage which her deceased husband owed appellant. Appellant contends that she did make an absolute sale of the mower, warranting the title thereto, and that upon the strength of the sale, and of the sale and delivery to him of certain other articles, he canceled the debt of $794.65, which the husband had owed him, and surrendered and delivered to Mrs. Atkins the mortgage in question, which covered the property conveyed, except the mower and rake in suit. Appellee claims that he purchased the property in question from Mrs. Atkins for $35, and that she delivered the same to him. The alleged sale to appellant, however, antedated the one claimed to have been made to appellee; and, if made as claimed by appellant, he had the title and the right to possession and should have recovered. If, however, there was no sale by Mrs. Atkins to appellant, then appellant properly failed in his suit. Mrs. Atkins and other witnesses for appellee testified that there was no absolute sale to appellant as and when, he claims the sale was made. The witnesses who claim to have heard the conversations between appellant and Mrs. Atkins say that the arrangement was not an absolute sale, but only an agreement to sell

[Windham v. Hydrick.]

on condition that appellant had a mortgage on the mower; and it is conceded that he had no such mortgage. This was really the main disputed question, upon which all others depended. Many witnesses were examined and much testimony was taken by both parties, and submitted to the justice court and to the jury in the circuit court for their determination. The justice, and the jury likewise, decided in issue in favor of appellee; and from the verdict of the jury and the pudgment of the circuit court entered thereon, appellant prosecutes this appeal.

(1) Disputed questions of fact cannot, of course, be reviewed or revised on this appeal, there being ample evidence to support a verdict for either party. We can here review only questions of law properly presented to us.

(2) It is first insisted by appellant that the trial court erred in allowing defendant to prove by appellant and other witnesses the value of mules, wagons, etc., purchased by appellant from Mrs. Atkins at the time he claims he purchased the mower. There was evidently no error in any of those rulings. The plaintiff had voluntarily testified to the purchase of all these articles with the mower, and introduced a receipt as to all or a part thereof, and a showing as to the value of each, and as to the amount of the mortgage debt and other debts which Mr. Atkins owed him, and that the property was purchased in payment of these debts. Consequently, not only was it proper to allow, but it would have been error to decline to allow, the defendant to cross-examine plaintiff as to these matters and conversations gone into by him, and to show the real consideration of the sale, and the real value, of each article involved. It was, however, admissible to show the bona fides of the transaction and the consideration from the contract of sale, if such was made.

(3-5) The receipt which the plaintiff introduced recited a consideration of $794.85 for all the property, in gross. The receipt was of course open to explanation by parol evidence. It was not a writing conclusive as to its recitals.—*Coleman v. Pike,* 83 Ala. 326, 3 South. 755, 3 Am. St. Rep. 746; *Hogan v. Reynolds,* 8 Ala. 59; *Mobile Co. v. McMillan & Son,* 31 Ala. 711. Morever, it is never erroneous to receive irrelevant evidence to rebut evidence of like kind offered by the opposite party.—*Ford v. State,* 71 Ala. 385; *Gandy v. State,* 86 Ala. 20, 5 South. 420; *Sharp v. Hall,* 86 Ala. 110, 5 South. 497, 11 Am. St. Rep. 28; *Morgan v. State,* 88 Ala. 223, 6 South. 761; *M. & B. R. R. Co. v. Ladd,* 92

Ala. 287, 9 South. 169. See *Ross v. Pearson,* 21 Ala. 473; *Harrison's Ex'rs v. Cordle,* 22 Ala. 457. The extent and scope to be given to a cross-examination of a witness is largely discretionary with the trial court.—*Rhodes v. Weeden,* 108 Ala. 252, 19 South. 318; *Noble v. State,* 100 Ala. 13, 14 South. 767.

(6-8) It was clearly proper for defendant to prove that appellant had no mortgage on the mower. If Mrs. Atkins' testimony is true—and that was a question for the jury—the agreement to sell was conditioned wholly upon the fact that appellant had a mortgage on the property. Plaintiff having proven a part of the conversations between him and Mrs. Atkins, it was competent for defendant to prove all that was said in such conversations relating to the subject-matter of the suit. It clearly appears that plaintiff took or claimed the property in question, together with other property which he claims to have purchased from Mrs. Atkins, in settlement of what her husband owed him, and that it was taken by agreement with her. Plaintiff therefore had no right to limit the testimony, touching conversations between him and Mrs. Atkins relating to this property and this indebtedness, to particular occasions and particular matters, and thus deny the defendant the right to show any or all other things that were said or done in promoting or consummating the sale which he claims took place.

We have carefully examined each objection and exception, and it is useless to write as to each. We feel sure there was no error in any of these rulings complained of.

(9) It was contended by appellee—and there was evidence tending to show—that all the indebtedness due to appellant from Mr. Atkins was paid by other property taken by him and applied thereto, and that no consideration passed from him for the mower. This could, of course, be inquired into on this trial.

(10) There was no error in the giving of any of the charges requested by the defendant, as they applied to the issues and the evidence in this case, and they should be so construed. We do not see any misleading tendencies that any of these charges could have had, as so applied. There might be cases in which these or similar charges would be misleading or even improper, but we have no such case in the one at bar.

We find no error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.