(97 South. 903)

## Ex parte STATE ex rel. ATTY. GEN. BAKER v. STATE.
### (7 Div. 433.)·

(Supreme Court of Alabama. Nov. 15, 1923.)

**Criminal law** ⟨⟩⟫371(1)—Evidence of possession of saws, week after alleged introduction of instruments to aid escape from jail, inadmissible.

In a prosecution for introducing saws into jail with the intent to aid escape of prisoner, evidence that saws were found on the person of the defendant more than a week after the offense for which he was being prosecuted was erroneously admitted.

Certiorari to Court of Appeals.

Ellis Baker, having been convicted of an offense, appealed to the Court of Appeals, and the judgment of conviction being by that court reversed, and the cause remanded, the State of Alabama, on the relation of its Attorney General, petitions for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Ellis Baker v. State, 97 South. 901. Writ denied.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for petitioner.

Charge 2, refused to defendant, was technically bad for failure to hypothesize a probability of innocence founded on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179; Davis v. State, 188 Ala. 59, 66 South. 67. The facts of other offenses were relevant, and it was immaterial whether they occurred before or after the one under investigation. Jones on Evi. (2d Ed.) 166; Mayer v. People, 80 N. Y. 364; 3 Greene on Evi. § 15; Strong v. State, 86 Ind. 208, 44 Am. Rep. 292.

Tate & Logan, of Anniston, opposed.

No brief reached the Reporter.

PER CURIAM. By this petition the state seeks to review the decision of the Court of Appeals in Baker v. State, 97 South. 901, only in two particulars. The first relates to the ruling that charge 2, refused to defendant, should have been given. The Court of Appeals is sustained by the case of Brown v. State, 118 Ala. 111, 23 South. 81, approving charge 6.

It may be seriously questioned, however, that the refusal of such a charge would constitute reversible error, in view of the subsequent decisions of this court condemning charges of similar character as technically bad for not resting the hypothesis of innocence upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179, commenting upon refused charge 4; Davis v. State, 188 Ala. 59, 66 South. 67. See, also, Minor v. State, 15 Ala. App. 556, 74 South. 98.

We therefore prefer to rest denial of the writ upon the second ruling here complained of, relating to the inadmissibility of· evidence as to acts of the defendant a week or more subsequent to the alleged commission of the offense for which he was being prosecuted. We agree with the Court of Appeals that this evidence did not come within any of the exceptions or limitations to the general rule, and that the holding is sustained by the authorities cited by the Court of Appeals—particularly Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782.

The writ will be denied.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.