ROUNTREE v. STATE. (7 Div. 22.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

1. **Criminal law** ⬅459—Competent to show by nonexpert that stains found on girl's clothing were blood stains.

In prosecution for carnal knowledge of girl 12 years old, it was competent for state to show by nonexpert that stains found on girl's clothing were blood stains; it being mere statement of fact capable of determination by average person.

2. **Criminal law** ⬅413(1)—In prosecution for carnal knowledge, declarations as to loss of sexual powers held inadmissible, as self-serving.

In prosecution for carnal knowledge, questions asked witness for defendant, whether or not defendant had told him, about two years before alleged offense, that he had lost his sexual powers, held improper, as calling for a self-serving declaration.

3. **Criminal law** ⬅351(1), 413(1) — Statements of accused before or after commission of offense not admissible in his behalf, unless part of res gestæ.

Acts, conduct, and statements of accused, occurring before or after commission of of-

fense, are admissible against him, but are not admissible on his behalf, unless constituting part of res gestæ.

**4. Criminal law ☞448(3)—Testimony as to attitude of state witness towards defendant before his arrest held inadmissible as opinion.**

In prosecution for carnal knowledge, testimony of defendant's mother that for week before he was arrested she · noticed "different treatment" of his wife, · who was witness for state towards him, *held* inadmissible as expression of opinion.

**5. Criminal law ☞368(3)—Whereabouts, after defendant's arrest, of state witnesses, held irrelevant.**

In prosecution for carnal knowledge, whereabouts after defendant's arrest, of defendant's wife, who was material witness against him, and of prosecuting witness, *held* irrelevant to any issue in case.

**6. Rape ☞48(1)—Whether or not defendant's mother had heard any complaint against defendant held immaterial.**

In prosecution for carnal knowledge of girl under 12, whether defendant's mother had heard any complaint made, by girl that defendant had mistreated her *held* immaterial, where neither girl nor any other witness for state had stated that complaint was made to mother. .

**7. Rape ☞48(1)—Complaint of prosecuting witness after commission of alleged crime admissible to corroborate her, but may be rebutted.**

Complaint made after commission of alleged offense is admissible to corroborate her testimony, but may be rebutted by defendant, showing that such complaint was not made.

**8. Rape ☞44—Whether prosecuting witness had accompanied defendant from place to place held immaterial.**

. In prosecution for carnal knowledge of girl under 12, question asked defendant whether the child had gone with him from place to place was immaterial.

**9. Criminal law ☞1170(3) — Exclusion of question held harmless error, where later answered by defendant.**

In prosecution for carnal knowledge, exclusion of question to defendant whether prosecuting witness had gone with him from place to place, if error, was harmless, where question was later substantially answered by defendant. .

**10. Witnesses ☞337(6)—Defendant properly asked on cross-examination whether he had served penitentiary term for murder.**

It was competent to ask defendant on cross-examination whether he had served term in the penitentiary for murder, in view of Code 1907, § 4009.

**11. Witnesses ☞236(1)—Question, asked defendant's witness, whether he had heard outcry of prosecuting witness, held irrelevant.**

In prosecution for carnal knowledge of girl under 12, question asked witness for defendant whether he had heard outcry of child from barn was irrelevant, where he was not shown to have been present or anywhere near place at time of alleged offense.

**12. Criminal law ☞656(3)—Error in remarks of court held cured by subsequent explanation and withdrawal.**

In prosecution for carnal knowledge, court's statement that man can entirely lose his sexual powers and still be able to abuse a child, and that it did not take doctor to tell that, did not constitute prejudicial error, where it was promptly explained to jury· as having been made to defendant's attorney, and was entirely withdrawn from their consideration.

**13. Criminal law ☞844(1)—Court's charge on credibility of witnesses, of which part was correct, held not subject to general exception.**

Court's charge on credibility of witnesses, where at least part thereof was correct statement of the law, was not subject to general exception.

**14. Criminal law ☞811(5)—Instruction as to effect of bad character or reputation of designated witness held improperly refused.**

Refusal of defendant's requested charge that, if designated witness for state was of bad character or reputation. jury could look to such character to determine what credence to give to her testimony, *held* reversible error; instruction stating an exception to rule against giving undue prominence to particular parts of evidence.

**15. Criminal law ☞815(9)—Charge not predicating hypothesis of innocence on evidence in case held bad.**

Requested charge that jury must find defendant not guilty, if his conduct on reasonable hypothesis was consistent with his innocence, *held* bad, as not predicating such hypothesis on evidence in the case.

**16. Criminal law ☞829(1) — Refusal of charge, covered by given charge, does not constitute error.**

Refusal of a requested charge, covered by a given charge, does .not constitute error. ·

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Jeff Rountree was convicted of having carnal knowledge of a girl under 12 years of age, and he appeals. Reversed and remanded.

Charges 1, 2, and 3, refused to defendant, are as follows:

"(1) The court charges the jury that, if they find from the evidence in this case that Rittie Rountree is of bad character, then the jury may look to this bad character to determine what credence, if any, they will give to the testimony of the said Rittie Rountree.

"(2) The court charges the jury that, if they believe from the evidence in this case that Rittie Rountree is of bad reputation, then the jury may look to this bad reputation to determine what credence, if any, they will give to the testimony of the said Rittie Rountree.

"(3) The court charges the jury that they

must find the defendant not guilty, if the conduct of the defendant, upon a reasonable hypothesis, is consistent with his innocence."

Hillary D. Logan, of Anniston, for appellant.

Charge 3 should have been given. Brown v. State, 118 Ala. 111, 23 South. 81; Gregory v. State, 140 Ala. 16, 37 South. 259; Minor v. State, 15 Ala. App. 564, 74 South. 98; Baker v. State, 19 Ala. App. 437, 97 South. 901. Evidence offered by the mother of defendant should have been received. Campbell v. State, 17 Ala. 369; Baalam v. State, 17 Ala. 451; Levison v. State, 54 Ala. 520; Nicholson v. Collins, 72 Ala. 176; Burton v. State, 115 Ala. 1, 22 South. 585; 1 Wharton, Evi. § 20; 1 Greenl. § 61a; Elliott on Evi. § 144. Evidence that prosecutrix made no complaint is admissible. Brooks v. State, 8 Ala. App. 277, 62 South. 569; Leoni v. State, 44 Ala. 110; Bray v. State, 131 Ala. 46, 31 South. 107. The remark of the court as to the capacity of defendant to commit the abuse was erroneous. Stephens v. State, 47 Ala. 696; Rigell v. State, 8 Ala. App. 46, 62 South. 977. The oral charge of the court was invasive of the jury's province. Mills v. State, 1 Ala. App. 80, 55 South. 331; Lowe v. State, 88 Ala. 8, 7 South. 97; Green v. State, 97 Ala. 60, 12 South. 416, 15 South. 242.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J. Defendant was indicted and convicted of having carnal knowledge of, or having abused in the attempt to have carnal knowledge, a girl under the age of 12 years.

The state's case was based primarily upon the testimony of the alleged victim, corroborated by the testimony of her grandmother, the defendant's wife. The evidence for the defendant tended to show that, according to the evidence of the state as to the locus of the offense and the surroundings thereof, it would have been impracticable, if not impossible, for the defendant to have committed the crime as testified to by witnesses for the state. The defendant denied the story related by the girl and her grandmother.

[1] It was competent for the state to show by the witness Mrs. Roundtree, wife of defendant, that the stains found upon the little girl's clothing were blood stains. This was a mere statement of a fact capable of determination by the average person, and was not objectionable because witness was not an expert. Watts v. State, 177 Ala. 24, 59 South. 270; Terry v. State, 203 Ala. 99, 82 South. 113.

[2, 3] Dr. F. B. Teague, witness for the defendant, was asked upon direct examination whether or not the defendant had told him, about two years before the alleged offense, that he had lost his sexual powers. If for no other reason, such questions were improper as calling for a self-serving declaration. The acts, conduct, and statements of accused, occurring before or after the commission of the offense, are admissible against him, but are not admissible on his behalf, unless constituting a part of the res gestæ. Hill v. State, 194 Ala. 11, 69 South. 941, 2 A. L. R. 509; Jones v. State, 181 Ala. 63, 61 South. 434.

[4] It was not competent for the defendant to prove by defendant's witness Mrs. Rountree, mother of defendant, that for a week or so before her son (the defendant) was arrested she noticed "different treatment of his wife towards him." This was the expression of the opinion of the witness.

[5] What became of Mrs. Rittie Rountree and Gladys Carter after the arrest of defendant was not relevant to any issue in the case. Carroll v. State, 130 Ala. 99, 30 South. 394.

[6, 7] Whether or not witness Mrs. E. A. Rountree, the mother of defendant had heard of any complaint made by Gladys Carter that the defendant had mistreated her, was clearly immaterial. Complaint made after the commission of an offense of this kind by the party upon whom it was committed is admissible for the purpose of corroborating her testimony. This may be rebutted by the defendant, showing that such complaint was not made. However, in the instant case, the evidence elicited did not tend to rebut or contradict the evidence of either Gladys Carter or Mrs. Rittie Rountree, as neither of these witnesses had testified that complaint was made to Mrs. E. A. Rountree, the mother of defendant.

[8, 9] The question asked defendant, on direct examination of him as a witness, "Has the child gone with you about from place to place?" called for immaterial and irrelevant testimony, and an exception to the court's ruling sustaining state's objection thereto was obviously without merit. Futhermore the question was later substantially answered by defendant, and no injury to him could have resulted.

[10] It was competent to ask the defendant on cross-examination if he had not served a term in the penitentiary for murder. Section 4009, Code 1907.

[11] The question asked Clark Mobley, a witness for the defendant, on direct examination, as to whether or not he had heard an outcry of the child from the barn was irrelevant, as he was not shown to have been present or anywhere near the place at the time of the commission of the alleged offense.

[12] The statement of the trial court in the presence of the jury that "I think that a man can entirely lose his sexual powers, and then be able to abuse a child; I don't think it takes a doctor to tell that," was excepted to by the defendant. This statement was made by the court in connection with its ruling upon the admission of evidence, pertaining in nature and effect to the subject of such statement. It was promptly explained to the jury as having been made to the attorney for defendant merely, and not to them, and was entirely withdrawn from their consideration, and the jury was instructed not to. consider it. The error committed was cured by the explanation and withdrawal of the statement by the court. Thomas v. State, 126 Ala. 4, 28 South. 591.

[13] Exception was reserved to the following portion of the court's oral charge:

"Now, let me say another thing, gentlemen of the jury, in reference to this testimony of the witnesses: The law says that you must reconcile all of the witnesses' testimony that you have heard before you, if you can reasonably do so, and make all of them speak the truth, if you can do so; but, if you cannot, you have got to decide who you are going to believe. You have got to decide which you think is false and which is true, and reject which is false and accept that which is true."

At least a part of the above instruction is a correct statement of law. Welsh v. State, 97 Ala. 1, 12 South. 275. It was not subject to a general exception. Lacey v. State, 154 Ala. 65, 45 South. 680; Treadwell v. State, 168 Ala. 96, 53 South. 290.

[14] Charges 1 and 2 are within the exception to the rule against giving undue prominence to particular parts of the evidence. They are not substantially covered by the court's oral charge to the jury, nor by written charges given. They state a correct proposition of law, and the refusal was error. Hale v. State, 122 Ala. 85, 26 South. 236; Harris v. State, 96 Ala. 24, 11 South. 255.

[15] With reference to the propriety of charge 3, we quote from the opinion of the Supreme Court in the case of Baker v. State, 210 Ala. 320, 97 South. 903, in which a similar charge was discussed:

"The Court of Appeals is sustained by the case of Brown v. State, 118 Ala. 111, 23 South. 81, approving charge 6. It may be seriously questioned, however, that the refusal of such a charge would constitute reversible error, in view of the subsequent decisions of this court condemning charges of similar character as technically bad for not resting the hypothesis of innocence upon the evidence in the case. Edwards v. State, 205 Ala. 160, 87 South. 179, commenting upon refused charge 4; Davis v. State, 188 Ala. 59, 66 South. 57. See, also, Minor v. State, 15 Ala. App. 556, 74 South. 98." The Brown Case, supra, has not been ex-

pressly overruled on this point, and we followed that case in Baker v. State, 97 South. 901.[1] We follow the Supreme Court in Ex parte Baker ex rel. Atty. Gen., supra, and hold that the refusal of charge 3 does not constitute reversible error, and that the charge is bad in not predicating the hypothesis of innocence upon the evidence in the case, and we expressly overrule Baker v. State, 19 Ala. App. 437, 97 South. 901 on this point.

[16] Moreover, charge 3 was substantially covered by given charge 13, and its refusal was not error.

For the error indicated in the refusal by the trial court of charges 1 and 2, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

