180 So. 105

**BROWNING v. STATE.**

5 Div. 52.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 8, 1938.

Jacob A. Walker, of Opelika, and R. C. Wallace, of Lafayette, for appellant.

A. A. Carmichael, Atty. Gen., and Effie Crittenden, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The homicide out of which this prosecution arose took place about 11:30 o'clock at night on the streets of Lanett, Ala. The deceased, Bennie McDonald, was a police officer of the city of Lanett. The defendant and one Smallwood were in an automobile driven by the defendant. The defendant with Smallwood in the car drove up and down the same street in Lanett several times between the hours of 9:30 and 11:30 p. m., zigzagging the car across the street in such manner as to indicate that the driver was in a drunken condition or that he was driving the car recklessly. Upon being accosted by the police officers an altercation occurred, as a result of which Smallwood fired two loads from a sawed-off shotgun, both loads taking effect in the body of McDonald, from which he died.

There is no evidence tending to prove that this defendant fired the shots which killed deceased, but there is evidence tending to prove, and from which legal inferences can be drawn, that he and Smallwood were driving the automobile in such manner as to attract the attention of the police officers, and also in such manner as to indicate that the parties in the car were violating ordinances of the city of Lanett. And there was evidence in the case from which legal inferences could be legally drawn that the action of the two men was a concerted effort to draw the police officers of the town of Lanett into a controversy which would precipitate a difficulty between the defendant and Smallwood on the one hand, and the officers on the other. There is evidence tending to prove that the action of the defendant and Smallwood did attract the attention of the officers, and that when the officers undertook to arrest them, they refused to be arrested, and Smallwood using a sawed-off shotgun, which had all the time been in the automobile in which he was riding, fired both barrels killing the deceased.

There was an effort made on the part of the defendant to limit the testimony to the exact time of the homicide. To this end various objections and exceptions were taken to the introduction of testimony leading up to the killing. All of the testimony on the part of the state as to the action of the defendant and Smallwood tending to prove a conspiracy between the two, or any evidence that tended to prove that they were acting in concert in the commission of offenses against the ordinances of the city of Lanett in such manner as to attract the attention of the police officers, was admissible in evidence. For instance, they were driving the car in an unlawful manner; they made frequent trips up and down the same street in front of the police station; they passed the police station several times; they had a sawed-off shotgun in the rear seat of the car, and on the last trip Smallwood had changed from the front to the rear seat of the automobile; and that in driving the car up and down the street it was zigzagging from side to side—all of this was admissible as tending to prove that this defendant was acting in concert with Smallwood in the actual firing of the gun. Especially is this so when the action of this defendant, as testified to by the state's witness Harris, at the time the police officers were trying to make the arrest is taken into consideration.

In the various rulings in the admission of this testimony the trial court was not in error, and upon reading the entire evidence, as detailed by the witnesses, we are clear to the conclusion that there was evidence sufficient as tending to prove the guilt of this defendant as an accessory to the crime, if not a principal, which, under our statute, is the same thing. Code 1923, § 3196.

■ There was also evidence in this case from which the jury could reasonably draw the conclusion that this defendant being present at the time of the homicide aided or abetted in the act of Smallwood in taking the life of deceased, which facts justified the conclusion of the jury that this defendant was a principal. Jones v. State, 174 Ala. 53, 57 So. 31.

In view of the foregoing, all written charges requested by the defendant instructing the jury to find the defendant not guilty upon the facts were properly refused.

■ Refused charge 16 was approved by this court in Veasey v. State, 20 Ala. App. 478, 103 So. 67, upon authority of Davis v. State, 8 Ala.App. 147, 62 So. 1027, and Johnson v. State, 133 Ala. 38, 31 So. 951. But the refusal of this charge does not constitute reversible error, by reason of the fact that it is covered by written charges 14, 15, 18, and 24, given at the request of the defendant.

■ Refused charge 17 was held to be good in Elmore v. State, 92 Ala. 51, 9 So. 600, and Gilbert v. State, 20 Ala.App. 565, 104 So. 45. But this charge is only another way of saying that before the jury can convict the defendant they must be satisfied as to his guilt beyond a reasonable doubt. On this point the court fully and explicitly charged the jury, and in many written charges given at the request of the defendant, this same proposition was emphasized. The principle of law is fully covered.

■■ Refused charge 19, while a substantial copy of charge 6 in Brown v. State, 118 Ala. 111, 23 So. 81, and in Baker v. State, 19 Ala.App. 674, 98 So. 921, was held to be a good charge, the ruling was in such a cursory manner as to indicate that due consideration was not given the many decisions of the Supreme Court and this court, which hold to the view that charges of this character must be based upon a consideration of all of the evidence in the case. In the charge the conduct of the defendant is not limited to the res gestæ or to the time relating thereto. Under this charge, as requested, the conduct of the defendant since the homicide, or even at the time of the trial, might be considered as raising a reasonable doubt as to the defendant's guilt. Charges requiring acquittal must be based upon a consideration of the whole evidence, and where such consideration is pretermitted a charge may be properly refused. Lovelady v.

State, 24 Ala.App. 502, 136 So. 871; Curlette v. State, 25 Ala.App. 179, 142 So. 775; 6 Alabama Digest, Criminal Law, ☞815 (9).

■ Refused charges 23 and 27 are fully covered by the court in its oral charge to the jury. And, while these two charges are supported by the cases of Glass v. State, 201 Ala. 441, 78 So. 819; Andrews v. State, 159 Ala. 14, 48 So. 858; and Amos v. State, 123 Ala. 50, 26 So. 524, their refusal was not reversible error in that the same principle of law had been given by the court to the jury in the oral charge on that subject.

Refused charge 28 has been approved as a correct statement of the law in Salm v. State, 89 Ala. 56, 8 So. 66; Gilmore v. State, 99 Ala. 154, 13 So. 536; McCoy v. State, 170 Ala. 10, 54 So. 428; Bailey v. State, 168 Ala. 4, 53 So. 296, 390; Rosenberg v. State, 5 Ala.App. 196, 59 So. 366; and Davis v. State, 8 Ala.App. 147, 62 So. 1027, but the court in its oral charge fully instructed the jury as to the presumption of innocence and its value to the defendant as evidence. Charge 28 was but a repetition of what the court had already instructed the jury.

■ Refused charges 33 and 34 are argumentative and misleading, and for that reason are properly refused. The proof of a motive is not necessary to a conviction for crime, and the giving of these charges might have misled the jury as to this point. The refused written charges bearing upon the question of conspiracy, as illustrated by refused charge 41, were all fully and ably covered by the court in its oral charge. In fact, on this point, the oral charge of the court was more favorable to the defendant than were the written charges requested by him.

■ The principles of law set out in refused charges 48 and 49 are fully covered by the court in its oral charge, and in written charges requested by the defendant. Mere flight of a conspirator from the scene of the crime at the time a homicide is committed does not constitute such abandonment of a difficulty as would excuse him from the results of the conspiracy. Lockett v. State, 218 Ala. 40, 117 So. 457; Cline v. State, 25 Ala.App. 433, 148 So. 172. Charge 44 was refused without error.

The foregoing disposes of all of the written charges requested by the defendant and refused by the Court.

It is true that the statute, Code 1923, § 9509, provides that: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written." But the same statute provides that the refusal of such charges, though correct propositions of law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties.

There is no merit in the contention that the court committed error in admitting the testimony of McGhee and Harris, detailing the movements of the defendant and Smallwood from two hours before the homicide up to and including the time of the shooting. The incidents occurring during that time and detailed by these witnesses all have a bearing upon this case as to whether or not there was a conspiracy or a concerted action agreed upon, either expressly or impliedly, to "bait" the police officers into accosting or arresting them, thereby bringing on the contact which resulted in the homicide. Lancaster v. State, 21 Ala.App. 140, 106 So. 609.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.