22 So.2d 344

## VINSON v. STATE.

### 8 Div. 310.

Supreme Court of Alabama.

May 24, 1945.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the petition.

F. E. Throckmorton and Herbert Carmichael, both of Tuscumbia, and Beddow, Ray & Jones, of Birmingham, opposed.

SIMPSON, Justice.

A reversal was declared by the Court of Appeals because of the two errors hereinafter noted and the petition here is for writ of certiorari to review that decision.

The opinion of the Court of Appeals discloses that the solicitor was permitted to cross-examine the character witnesses of the defendant as follows: "Say he (defendant) was running a place,—we will say down here in the basement of the court house selling whiskey in violation of the law where he was selling any kind of whiskey, would you say his character was good?"

The law is correctly stated in the opinion of that court that this type of cross-examination was not permitted under our decisions. A character witness may be impeached, or his credibility tested on cross-examination, by being asked if he had not heard of specific acts of bad conduct of defendant, but he may not be interrogated as to the fact of such particular acts. Andrews v. State, 159 Ala. 14, 48 So. 858; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Jones v. State, 31 Ala.App. 504, 19 So.2d 81.

It is argued here for the State that the defendant was not thereby prejudiced because of the replies given to the questions. We find nothing in the opinion of the Court of Appeals regarding this and under our system of review we look alone to the facts as recited in the opinion and are not authorized to inquire into the record of the evidence. Hence the argument must fail. 7 Ala.Dig., Crim.Law, ☞1179.

It also appears from said opinion that the fatal difficulty giving rise to the

prosecution took place just outside the building in the front yard of defendant's place of business. The trial court interrupted counsel for defendant in his argument to the jury as follows (quoting from the opinion): "Counsel for the defendant; in his argument to the jury, stated: 'He didn't have to retreat from his premises. He was on his own premises.' By the Court: 'He would have had to retreat if he wasn't in his own home or within the curtilage of his home.'"

Under the facts as disclosed by the opinion of the Court of Appeals this argument of counsel was proper and we must here affirm the holding that to so interrupt counsel was error.

Argument is made in this court that the holding be disapproved because of testimony that appellant was conducting an unlawful business and for this reason could not claim the privilege of standing his ground, etc., citing Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509, which declared that the rule of nonretreat did not extend to such a place of business. Here again, however, under the settled rule of certiorari noted above, it is not necessary to respond to this argument other than to observe that the opinion of the Court of Appeals makes no mention of such fact and we may not treat of the question.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.