54 So.2d 623

**CHASTAIN v. STATE.**

7 Div. 113.

Court of Appeals of Alabama.
Aug. 2, 1951.
Rehearing Denied Aug. 21, 1951.

E. G. Pilcher, Martin & Hinton and H. C. Orme, Jr., all of Gadsden, for appellant.

Si Garrett, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

On an indictment charging murder in the first degree, the defendant was convicted of murder in the second degree and his punishment fixed at 10 years imprisonment in the penitentiary. From the judgment of conviction and the action of the court in overruling the motion for a new trial this appeal is prosecuted.

We see no necessity for detailing the testimony. The evidence is without dispute that appellant killed Rowan Cowan, his daughter's sweetheart, by shooting him with a rifle. The killing occurred at defendant's home. The principal witnesses for the State were defendant's wife and children. Their testimony tended to prove the defendant guilty of murder. Appellant's testimony and that of his witnesses tended to show that he shot in self defense.

The killing being admitted, the question of whether the defendant was justified in so doing was, under the conflicting testimony, for the determination of the jury.

State's witness, Sue Chastain, in response to a question by defendant's counsel, stated she was the owner of the premises occupied by defendant as his home. Later, as a witness in his own behalf, defendant testified, both on direct and cross examination, that he held the title to the property. Whereupon, the State, over defendant's objection, introduced evidence by defendant's wife showing title in Sue Chastain. The defendant, having first brought out the testimony complained of, cannot predicate error upon the ruling of the court in admitting immaterial evidence in rebuttal of immaterial evidence introduced by him. Morgan v. State, 88 Ala. 223, 6 So. 761; Winslow v. State, 92 Ala. 78, 9 So. 728; Royal Insurance Company v. Robertson, 242 Ala. 460. 6 So.2d 880; Bradford v. Birmingham Electric Company, 227 Ala.

285, 149 So. 729; Windham v. Hydrick, 197 Ala. 125, 72 So. 403.

Defendant's witness, Frank Ledbetter, having testified that he knew defendant's reputation for peace and quietude and that it was good, the court properly allowed the State to ask witness on cross examination, this question: "(Q) Did you hear that in 1948 his wife took out a warrant for him, for assault and battery?" The witness answered "No."

The question was competent for the purpose of testing the value and weight of the evidence of the witness. The law is well settled that a character witness may be asked on cross examination if he had heard of specific acts of misconduct on the part of defendant, but may not be questioned as to the fact of such particular acts. Bowen v. State, 217 Ala. 574, 117 So. 204; Thompson v. State, 100 Ala. 70, 14 So. 878; Jones v. State, 31 Ala.App. 504, 19 So.2d 81; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Vinson v. State, 32 Ala.App. 74, 22 So.2d 341, certiorari denied 247 Ala. 22, 22 So.2d 344; Williams v. State, 144 Ala. 14, 40 So. 405.

The same question was propounded, without objection or exception, to other of defendant's character witnesses, and the answer of each was in the negative.

Notwithstanding no error was committed in this respect and the answers to the questions were not harmful to defendant, at the close of the examination of the character witnesses, on motion of the defendant to exclude this testimony the court instructed the jury as follows:

"I'm going to sustain the motion, gentlemen, and, gentlemen of the jury, you won't consider any reference to any warrant against this defendant for an assault and battery. Just forget that those questions were asked, gentlemen; just erase all of that matter from your minds entirely."

Defendant's requested charge 9 was refused without error. Waller v. State, 32 Ala.App. 586, 28 So.2d ᴏ15 and cases there cited.

The history of refused charge 2 was in Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885. Its refusal was without error.

Requested charge 11 was properly refused. Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885.

Refused charge 12 was amply covered by charges given for defendant and by the oral charge.

Requested charge 14 refused to defendant was approved in the following cases: Brown v. State, 118 Ala. 111, 23 So. 81; Gregory v. State, 140 Ala. 16, 37 So. 259; Howard v. State, 151 Ala. 22, 44 So. 95; Baker v. State, 19 Ala.App. 437, 97 So. 901; Wilson v. State, 14 Ala.App. 87, 71 So. 971. But was held bad in the following cases: Browning v. State, 28 Ala.App. 129, 180 So. 105; Rountree v. State, 20 Ala. App. 225, 101 So. 325; Ex parte State ex rel. Atty. Gen. Baker v. State, 210 Ala. 320, 97 So. 903; Deloney v. State, 225 Ala. 65, 142 So. 432.

Requested charges 16 and 22, which are identical, were properly refused on the authority of Hurston v. State, 235 Ala. 213, 178 So. 223.

Under the provisions of Section 88, Title 13, Code of 1940, the question of the correctness of refused charge 18 was certified to the Supreme Court. The court held that said charge does not assert a correct proposition of law. (The Reporter will set out the opinion of the Supreme Court).

Refused charge 32 was not applicable. The guilt of the defendant did not depend upon the testimony of a single witness. Powell v. State, 20 Ala.App. 606, 104 So. 551; Wilson v. State, 34 Ala.App. 219, 39 So.2d 250.

Charge 23 was amply covered by other charges given at the request of defendant.

Charges 25, 26 and 27 were covered by the oral charge and numerous charges given for defendant.

Refused charges 36, 40 and 41 were amply and fairly covered by court's oral charge.

Charge 33 asserts correct proposition of law but was fairly and substantially covered by court's oral charge.

Charges 34, 35, 38, 39 and 42 omit essential elements incident to doctrine of self defense and were properly refused.

Charge 29 was approved in Wilson v. State, 243 Ala. 1, 8 So.2d 422, but was fairly and substantially covered by court's oral charge.

A careful search of the record discloses no errors prejudicial to appellant and the judgment of the trial court is affirmed.

Affirmed.