(96 South. 636)

### Ex parte ANDERSON.

### ANDERSON v. STATE.

### (6 Div. 890.)

(Supreme Court of Alabama. May 17, 1923.)

**Criminal law** ⟲=1091(10, 11)—**On hearing of motion for new trial by new judge, bill of exceptions should show evidence taken at trial was offered on motion.**

It is necessary to review of action in overruling of motion for new trial, on any ground calling for review of evidence or rulings thereon, that the bill of exceptions should show an exception reserved and any new evidence adduced on the hearing of the motion, the trial evidence, being in the breast of the court, need not be repeated on the hearing, but, if a new judge hears the motion, the bill of exceptions should show that evidence taken at the trial was offered on the motion and what new evidence was heard, if any.

Petition of Lonnie Anderson for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in the case of Lonnie Anderson v. State, 96 South. 634. Certiorari denied.

Frank S. White & Sons and E. C. Crow, all of Birmingham, for appellant.

The charges treated in the cases of Ex parte Davis, 184 Ala. 26, 63 South. 1010, and Pippin v. State, 197 Ala. 613, 73 South. 340, differ from charge 8 in this case, in that said charges did not include the word "material" before the word "fact." See, also, brief in Anderson v. State, 96 South. 634.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

PER CURIAM. The Court of Appeals has committed no error in this case. Out of abundance of caution, however, we say:

While it was necessary to a review of the trial court's action in overruling the motion for a new trial—on any ground calling for a review of the evidence or rulings thereon— that the bill of exceptions should show an exception reserved and any new evidence adduced on the hearing of the motion, evidence taken at the trial is in the breast of the court, and need not be repeated on the hearing of the motion; but, if a new judge hears the motion, the bill of exceptions should show that the evidence taken at the trial was offered on the motion—though it need not be repeated if it already appears in the bill—and what new evidence was heard, if, any.

Into the charge denounced in Ex parte Davis, 184 Ala. 26, 63 South. 1010, and Pippin v. State, 197 Ala. 613, 73 South. 340— charge 19 requested in the latter case—defendant interpolated the word "material" as describing the "single fact" on which the proposition of the charges was predicated, and thereupon contends that the cases supra do not support the ruling of the Court of Appeals that such charges may be refused without error. We think the new word makes no material difference in the meaning of the charge, that this court, in withholding approval of the charge, considered the effect of proof of single material facts, as any fact must be which is logically inconsistent with the defendant's guilt.

---

⟲=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

With regard to the other objections taken against the opinion and rulings of the Court of Appeals, this court is of opinion that they do not require further comment.

Certiorari denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.