### MEDDERS v. STATE.  (6 Div. 310.)

(Court of Appeals of Alabama.  Jan. 22, 1924. Rehearing Denied. April 15, 1924.)

1. **Intoxicating liquors** ☜236(4)—**Mere presence at a still is insufficient to sustain a conviction for attempt to manufacture.**

Mere presence at a still then being operated, without some evidence to connect with its operation, either directly or indirectly, is insufficient upon which to base a conviction for attempting to manufacture intoxicating liquors.

2. **Criminal law** ☜1036(8)—**Insufficiency of evidence to convict cannot be raised in the appellate court for the first time.**

Where, in a prosecution for attempt to make intoxicating liquors, there was neither a request and refusal of the affirmative charge, or a motion for new trial or other action testing the sufficiency of the evidence, the insufficiency of evidence to convict could not be raised for the first time on appeal.

3. **Intoxicating liquors** ☜137—**Indictment properly charging attempt to manufacture intoxicating liquors is not demurrable.**

An attempt to manufacture prohibited liquor is an indictable offense, and an indictment properly charging such offense is not demurrable.

4. **Jury** ☜66(4)—**Judge may exercise judgment in drawing jury for special session of court.**

Where during the regular term of the circuit court fixed by Acts 1915, p. 707, the presiding circuit judge ordered a special session to continue for one week or until the business of the court was disposed of, he was authorized under Acts 1919, p. 1039, § 18, to draw the jury therefor when he deemed best, the regular juries being needed at that time.

5. **Courts** ☜64(2)—**Presiding junior judge of circuit may call special session of court.**

It was immaterial that the judge ordering a special session during the regular term was the junior judge of the circuit where he was the presiding judge at the time the order was made.

6. **Criminal law** ☜1053—**Questions not reviewable where no exceptions reserved.**

Where no exceptions were reserved to remarks of the court in making adverse rulings in a prosecution for making prohibited liquors, questions relative thereto were not presented for review.

---

### On Rehearing.

**7. Criminal law ⚖️1166½(12)—Heckling of counsel by trial judge held reversible error.**

In a liquor prosecution, the manner of many rulings by the trial judge which constituted "heckling" of counsel *held* reversible error.

**8. Criminal law ⚖️1059(1)—Exception held to present question of "heckling" of counsel.**

In a liquor prosecution, defendant's reservation of an exception to "the statement of the law" referring to a ruling of the court upon an objection made by defendant's counsel to a question to witness *held* to sufficiently present for review the question of "heckling" of counsel by the presiding judge.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

George Medders was convicted of an attempt to make liquor, and appeals. Reversed and remanded on rehearing.

S. T. Wright, of Fayette, for appellant.

The voluntary remarks of the court in the presence of the jury effected to deprive defendant of a fair and impartial trial.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The mere fact that a man is present at a still then being operated, without some evidence to connect him with the operation, either directly or indirectly, is not sufficient evidence upon which to base a verdict of conviction; but the insufficiency of the evidence to convict cannot be raised in this court for the first time. The record fails to show either a request and refusal of the affirmative charge or a motion for a new trial or other action testing the sufficiency of the evidence. Bean v. State, 18 Ala. App. 281, 91 South. 499.

[3] The attempt to manufacture prohibited liquor is an indictable offense under the laws of this state, and an indictment properly charging such offense is not demurrable. Corkran v. State, 203 Ala. 513, 84 South. 743.

[4] Under and by virtue of an act of the Legislature approved September 22, 1915 (Acts 1915, p. 707), the circuit courts of the several counties shall be open for the transaction of all business or judicial proceedings of every kind from the first Monday in January to and including the last Saturday in June of every year, and from the first Monday after the Fourth of July to and including the last Saturday before Christmas Day of every year. Section 2 of the said act provides that the causes on the dockets shall be called peremptorily at the times fixed by law and at such other times as may be fixed by order of the circuit judge or the Chief Justice of the Supreme Court, and the cases against prisoners shall be called as many more times as may be necessary to secure prompt trials. There are some exceptions to this act, fixed by other acts, which do not apply here.

On March 15, 1923, the grand jury of the county duly and regularly returned into the court the indictment in this case. On March 22, 1923, the circuit judge then presiding in said court made and caused to be entered on the minutes an order that a special session (not term) of the circuit court for that county should be convened at the ususal place of holding the same on April 9, 1923, and continue for one week, or until the business of the court is disposed of, and that all causes, both civil and criminal, pending in said court, "shall be triable at said special jury session." It was further ordered that petit juries be drawn and organized in the manner provided by law.

[5] There is nothing in the point that the judge presiding was the junior judge of the circuit. He, being the presiding judge at the time the order was made, had full authority to do so. After an indictment is returned into court it becomes a "cause pending in said court." and was included in the court's order hereinabove referred to. This being a regular term of the circuit court, and juries being needed for the week designated, the presiding judge was authorized under section 18, Acts 1919, p. 1039, at such time as he deemed best, to draw the jury, as was done in this case. This was done in accordance with the act supra.

[6] The court, during the progress of the trial, interjected several remarks at times when called upon for rulings on the admissibility of testimony. For instance:

Defendant's counsel asked a witness: "Singlings isn't fit to drink, is it?" The Court: "Lots of it is not fit to drink." Question by defendant: "Would you sell it when you was in the business?" State's objection sustained, and court added: "That might have been 20 years ago, or when it wasn't against the law, or might have been a government still." Question by defendant: "Is the Hinton place close to it [the still]?" The Court: "How could he know if he does not know where the still place was?" Question by defendant: "The path they did go, how far would that be?" The Court: "He didn't say anything about the path; they may have gone the road." Question by defendant: "Well, there is a nearer way to go. That is about how far?" Witness: "I don't know." The state objects because leading. The Court: "Well a person can tell whether the question is being framed so as to suggest it. I will let him ask it and let the jury say whether or not it is being done for the purpose of hastening it along, or for the purpose of suggesting what the witness should say." Solicitor, questioning defendant's witness: "You have been convicted for making whisky several times, haven't you?" The de-

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fendant objects. The Court: "I sustain the objection. I do that and I want to explain that Mr. Monroe, it is not because I am leaning against you, but you know the state has to be awful particular, and you can let the defendant run anywhere he wants to, but you can't the state. I doubt if you can let the state ask the defendant's witness that. It is a funny rule, but they are so technical about those things."

To this remark defendant objected. To this objection the court stated:

"Well, the solicitor objected to your asking the state's witnesses if they hadn't made it, and he asked that question, and I sustained your objection, and I say in that respect it looks like I am favoring you over the state, and I am doing it merely to be sure that the defendant gets the benefit of every doubt in my mind as to the legal question. I am giving you that advantage over the state."

The "heckling" of counsel by the presiding judge is so prejudicial to the defendant's cause as to work a reversal of each instance where the question is properly presented. In this case, however, no exceptions were reserved to the adverse rulings of the court; and therefore the questions argued in brief are not presented for review.

There were no exceptions reserved to the oral charge of the court, and no motion for a new trial.

The judgment must be affirmed.

Affirmed.

### On Rehearing.

PER CURIAM. [7, 8] Upon a further consideration of this case the court is of the opinion that the defendant's case was prejudiced against him by the manner of many rulings by the trial judge, as indicated in the original opinion. The court is further of the opinion that the exception reserved by defendant to "the statement of the law," referring to a ruling of the court in passing upon an objection made by defendant's counsel to a question to a witness where the court said, in the presence of the jury: "I sustain the objection; I do that, and I want to explain that Mr. Monroe, it is not because I am leaning against you, but you know the state has to be awful particular, and you can let the defendant run anywhere he wants to, but you can't the state; I doubt if you can let the state ask the defendant's witness that. Its a funny rule, but they are so technical about those things," sufficiently presents the question. The statement of the court was improper, and was error to a reversal. Owens v. State (Ala. App.) 99 South. 774.[1] The judgment of affirmance is set aside, and the judgment of the circuit court is reversed, and the cause is remanded.