(104 So. 551)
### POWELL v. STATE. (6 Div. 609.)

(Court of Appeals of Alabama. May 19, 1925.)

1. Intoxicating liquors ☞238(1) — Evidence held to make prima facie case of possessing still.

In prosecution for possessing a still, evidence *held* to make a prima facie case of guilt, and general affirmative charge for defendant was properly refused.

2. Criminal law ☞1063(4)—Where prima facie case made, and no motion made to set aside verdict, appellate court will not decide whether presumption of accused's innocence sufficiently rebutted by prima facie case.

Where evidence was sufficient to make prima facie case, and no motion to set aside verdict was made in court below, appellate court will not decide whether presumption of inno-

cence in accused's favor was sufficiently rebutted by such prima facie case.

**3. Criminal law ⊗⇒448(7) — Testimony that whisky found was such as was made by certain still held improper, as conclusion or opinion of witness.**

Admission of testimony that whisky found near defendant's house was such whisky as was manufactured by kind of still also found there was erroneous, as a conclusion or opinion of witness.

**4. Criminal law ⊗⇒339—Testimony as to finding tracks, without specifying kind, held error.**

In prosecution for possessing a still, admitting testimony as to finding of tracks from furnace place to where a worm was found, without specifying what kind of tracks they were, *held* error.

**5. Criminal law ⊗⇒448(7) — Questions as to finding where still pot had been left, and a lot of smut dropped down, held objectionable, as calling for conclusion.**

Questions whether witness found where still pot had been left, and if he found a lot of smut where it had dropped down, *held* objectionable, as calling for conclusions.

**6. Criminal law ⊗⇒459 — Admission of testimony that furnace places were "still places" held error.**

Admission of testimony of witness, in prosecution for possessing still, that certain furnace places he found were "still places," *held* error.

**7. Criminal law ⊗⇒656(2)—Court's remarks to defendant's counsel, cross-examining state's witness, held erroneous and improper.**

Where, on defendant's counsel asking state's witness, "You are positive now it was two bags of sugar and one of meal?"· court stated, without state's counsel having objected to question, that witness "hasn't said anything else," and that "court cannot permit you to impose on witness with that sort of insinuation," and that "if you do it again, court will fine you," *held*, that such remarks of court were erroneous and improper.

**8. Criminal law ⊗⇒814(18)—Charge authorizing acquittal if guilt depended on testimony of single witness held properly refused as inapplicable.**

A charge to acquit if conviction depended on testimony of single witness, and jury had reasonable doubt as to truthfulness of his testimony, *held* properly refused as inapplicable, where guilt of defendant did not depend on testimony of single witness.

**9. Criminal law ⊗⇒798(1)—Requested charge authorizing acquittal if single juror has reasonable doubt of defendant's guilt held erroneous and properly refused.**

Charge that evidence must be so strong that it convinces each juror of defendant's guilt beyond reasonable doubt, and to acquit defendant if single juror has reasonable doubt of defendant's guilt, *held* erroneous and properly refused.

**10. Criminal law ⊗⇒786(2)—Charge that no law requires jury to consider defendant's evidence in light of fact that he is defendant held misleading.**

Requested charge that there is no law making it jury's duty to consider defendant's evidence in light of fact that he is defendant, but that they may weigh it as they weigh other testimony in case, *held* misleading and properly refused.

**11. Criminal law ⊗⇒561(1)—That one single fact is inconsistent with defendant's guilt does not entitle him to acquittal.**

That one single fact proven is inconsistent with defendant's guilt is not sufficient to raise reasonable doubt of his guilt, entitling defendant to acquittal.

Appeal from Circuit Court, Walker· County; R. L. Blanton, Judge.

John W. A. Powell was convicted of possessing a still, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"(5) The court charges the jury that, if a conviction in this case depends upon the testimony of a single witness, and the jury have a reasonable doubt as to the truthfulness of the testimony of such witness, the defendant cannot be convicted."

"(7) Each and every one of you is entitled to his own conception as to what constitutes a reasonable doubt of the guilt of the defendant, and before you can convict this defendant the evidence must be so strong that it convinces each juror of the defendant's guilt beyond all reasonable doubt, and if, after a consideration of all evidence, a single juror has a reasonable doubt of defendant's guilt, then you cannot find him guilty.

"(8) The court charges the jury that there is no law in this state which makes it your duty to consider defendant's evidence in the light of the fact that he is defendant, but you have a right to weigh it as you have other testimony in the case."

"(14) If, after considering all the evidence in this case, the jury find that there is one single fact proven to their satisfaction which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt of his guilt, and the jury must acquit."

Gray & Powell, of Jasper, for appellant.

It was error to permit the witness Self to testify that the furnace places found were still places. Miller v. State, ante, p. 279, 101 So. 510. The remarks of the trial judge, were prejudicial to the defendant. Medders v. State, 19 Ala. App. 628, 99 So. 776. The burden is upon the state to show that the parts found were commonly or generally used for manufacturing liquors. Watkins v. State, ante, p. 246, 101 So. 334; Dabbs v. State, 20 Ala. App. 167, 101 So. 220. Charge 14 should have been given. Veasey v. State, ante, p. 478, 103 So. 67. Counsel discuss

other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of unlawfully having in his possession a still, etc., to be used for the purpose of manufacturing prohibited liquors, or beverages, and appeals. The evidence for the state was substantially as follows:

Four officers went to the home of defendant, on a Sunday afternoon, while he was away, and made a search of the dwelling house and premises. There were there present, at the time, besides the officers, defendant's wife and children, and perhaps some others. Nothing of an incriminatory nature was found in the dwelling house. Two hundred steps (which steps are described as denoting slightly less than three feet) from the back door of defendant's home, over in the middle of his field, the officers found a "worm" and "a cap," denominated by them "a part of a still." Near defendant's spring from which he and his family used water for drinking and domestic purposes, were found three "furnace places," so allowed, without objection, to be described by the officers. Inside defendant's field, and according to one of the officers 53 or 55 steps from defendant's back door, and 175 yards from where the "part of a still" was located, was found a 10-gallon keg of corn whisky. Some distance, not given, from defendant's house, some receptacle, size not given, was found "a little better than half full of what they call backings. That is what I (witness) call something left over from making liquors." The furnace place showed that it had been used. Inside defendant's smokehouse was found two or three 100-pound sacks of sugar, one sack of meal, and several fruit jars. It was shown that "the part of a still" found was "what they use in manufacturing liquor."

The defendant denied any knowledge of, or ownership in, or connection with any of the things found above, except the sugar, meal, and fruit jars. It was shown that he lived 14½ miles from Parish, the nearest railroad station, and he testified that the meal and sugar were for ordinary family consumption, and the fruit jars for use in canning fruit. He denied owning or possessing any still or parts thereof. Defendant's three children testified that the "furnace places" had been dug or made by them, in their play, they stating that they had a boiler made of an empty 10-gallon gasoline tank, and built the furnaces for the purpose of generating steam, etc.

The above was substantially all the testimony in the case.

[1] Under the authority of Ex parte State ex rel. Davis, Atty. Gen., Wilson v. State, 211 Ala. 574, 100 So. 917, it would seem, and we so hold, that the evidence on behalf of the state above made a prima facie case of guilt against the defendant, and the general affirmative charge in his behalf was therefore properly refused.

[2] Inasmuch, however, as no motion to set aside the verdict was made in the court below, it is not incumbent or proper that we here decide whether the presumption of innocence which, under the law, attended the accused upon the trial until his guilt had been proven to the satisfaction of the jury beyond a reasonable doubt, was sufficiently rebutted by such prima facie case, as proven. Wilson v. State, 20 Ala. App. 62, 100 So. 914.

[3] The witness Guy V. O'Rear, over defendant's timely objection, was asked the following question by the solicitor:

"Was that such whisky (referring to the whisky found above) as is manufactured by the kind of a still that you found there or parts of the still?"

The question clearly called for the conclusion or opinion of the witness, and the court erred in overruling defendant's objection thereto. Likewise there was error in overruling defendant's motion to exclude the answer to said question.

[4] The same witness was asked, by the solicitor, this question:

"I will ask you if you found tracks from the furnace place to where you found the worm?"

Defendant's timely objection thereto should have been sustained, and his motion to exclude the answer, viz., "Yes, sir," should have been granted. While it might have been that evidence of human adult tracks at the place mentioned would be admissible as a circumstance tending to connect defendant with the crime charged, yet the question, as framed, was objectionable as failing to specify such tracks. The question and answer would have done the same harm to the defendant, in the form stated, had they had reference to cow tracks—as, indeed, from the record before us, it cannot be said they did not.

[5] Over the timely objection of the defendant to each question the solicitor was allowed to ask the witness Appling these two questions, one following the other, with no answer between:

"Q. Over in the field, did you find where a still pot had been left?

"Q. I will ask you then if you found a lot of smut where it had been dropped down?"

This was error. The court has repeatedly said, and now repeats, that witnesses should be required to testify to facts, and leave the juries to draw conclusions.

[6] After the witness Self had been allowed, without objection, to testify to finding

some "furnace places," the solicitor was allowed, over due and timely objection, to ask the witness if they were "still places," which question the witness answered in the affirmative. Defendant's motion to exclude the witness' answer was overruled. The trial court committed error in overruling both the objection to the question and the motion to exclude the answer. Boy Tyre, alias Paul Tyre, v. State, ante, p. 483, 103 So. 91.

[7] During the cross-examination by the defendant's counsel of the state's witness, Self, and after the said witness had testified first that, "I think it was two sacks of sugar and one sack of meal" (referring to articles found by the officers in defendant's smoke house), and second, "I am sure it was two bags of sugar and one of meal," defendant's counsel asked the witness the following question: "You are positive *now* it was two bags of sugar and one of meal?" Whereupon the following took place:

"The Court: Well, Mr. Gray; he hasn't said anything else.

"Mr. Gray: We want to reserve an exception to that statement.

"The Court: But the court can't permit you to impose upon the witness with that sort of an insinuation, 'You *now* say it was so and so'; and, if the court recalls, this witness never said anything different.

"Mr. Gray: We want to reserve an exception to that remark.

"The Court: Well, if you do it again the court will fine you.

"Mr. Gray: We except to that statement.

"The Court: But the court must keep the attorney within the proper channel.

"Mr. Gray: We except to that. Now, I want to make myself clear; now, I understood Mr. Self to say just now that he thought there (were) two bags of sugar and one of meal."

"The Court: As the court recalls, this witness has steadfastly stated that there were two sacks of sugar and one of meal; he may have said the best of his recollection, but as I recall it this witness has steadfastly stated that.

"Mr. Gray: I think your honor will remember I asked him if it wasn't two bags of meal instead of two bags of sugar, and he said he thought it was the other way.

"The Court: Yes, sir.

"Mr. Gray: And I just asked him the question if he was now positive it was two bags of sugar instead of one.

"The Court: Well; the court observed the emphasis of the *now*."

We have been reluctant to go so much into detail and to so lengthen our opinion with this unpleasant colloquy, but have felt it advisable for the benefit of both the bench and the bar in our state. We are forced to say that it is our opinion that the action, or actions, of the trial court in the particulars just next above set out, were erroneous and improper, and that they no doubt operated to the serious prejudice of the defendant, because, forsooth, it is well known that hu-miliation brought to the defendant's counsel at the hands of the judge presiding upon the trial of the case will inevitably, certainly, in all probability, react in the minds of the jury as something substantial against the defendant.

The court sees nothing improper in the way defendant's counsel was conducting the cross-examination of the witness, Self, certainly nothing that warranted the trial judge, in the absence of any objection by counsel representing the state, in interjecting the influence of his position into the same in the manner shown. Of interest in the connection are the following cases: Medders v. State, 19 Ala. App. 628, 99 So. 776; Moulton v. State, 199 Ala. 411, 416, 74 So. 454; Owens v. State, 19 Ala. App. 621, 99 So. 774; Dennison v. State, 17 Ala. App. 674, 88 So. 211.

[8-11] We have examined each of the written charges requested by and refused to the defendant, and we find the trial court's action in each instance free from error. Charge 5 was not applicable. The guilt of the defendant did not depend upon the testimony of a single witness. McKenzie v. State, 19 Ala. App. 319, 97 So. 155. Charge 9 is identical with charge 5. Charge 7 has recently been condemned by the Supreme Court. Ex parte State ex rel. Atty. Gen., Alonzo Jones v. State (Ala. Sup.) 104 So. 773. (Present term.) Charge 8 is palpably misleading. Charge 14 does not state a correct proposition of law. Ex parte Anderson v. State, 209 Ala. 489, 96 So. 636; Pippin v. State, 197 Ala. 613, 73 So. 340.

The other rulings excepted to will not likely arise in another trial.

For the errors pointed out, let the judgment of conviction be reversed and the cause remanded.

Reversed and remanded.