(105 So. 429)

POWELL v. STATE. (6 Div. 610.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

1. Criminal law ⬳339—Admission of evidence, whether witness saw any tracks from barrel leading to the house, held erroneous.

In prosecution for possessing prohibited liquors, admission of evidence, whether witness saw any tracks around there or any tracks from the barrel leading to the house, was erroneous.

2. Criminal law ⬳475—Court's act in permitting witness to testify that jar smelled like whisky, without first having qualified, held erroneous.

In prosecution for possessing prohibited liquors, that court permitted witness, without first having qualified, to testify that fruit jars and jugs and other things that he found about the house smelled like whisky constituted error.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

John W. A. Powell was convicted of possessing prohibited liquors, and he appeals. Reversed and remanded.

Gray & Powell, of Jasper, for appellant.

Counsel discuss the questions raised and treated in the opinion, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence as to tracks was properly admitted. Sherrell v. State, 19 Ala. App. 57, 94 So. 781.

RICE, J. The defendant was convicted of violating the prohibition laws, and appeals.

We deem it unnecessary to discuss the evidence.

[1] Over the timely objection of the defendant, the solicitor was permitted to ask the witness O'Rear: "Did you see any tracks around there?" and "did you see any tracks from that barrel leading to the house," and the court refused, on proper motion, to exclude the affirmative answers to these questions. This was error. John W. A. Powell v. State, 20 Ala. App. 606, 104 So. 551.

[2] The witness Self was permitted, without first having qualified, to testify over the timely objection of the defendant that some fruit jars and jugs and other things that he found about the house smelled like whisky. This court has recently held that this is error.

Inasmuch as the case must be reversed on account of the errors pointed out above, and inasmuch as the other rulings complained of may not arise upon another trial, no other questions will be here considered.

Reversed and remanded.