(110 So. 52)

## MYERS v. TOWN OF GUNTERSVILLE.
(8 Div. 461.)

(Court of Appeals of Alabama. Oct. 26, 1926.)

1. Criminal law ⬅655(5)—Admonition by court, that defendant's counsel had "asked that enough," held not improper.

Admonition of court in liquor case, that defendant's counsel had "asked that enough," held proper, since defendant had been permitted to bring in all competent evidence offered by him, and court desired case to proceed in orderly, businesslike way.

2. Criminal law ⬅829(1).

Written requested charge of defendant in liquor case held properly refused when covered by court's oral charge.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Herman Myers was convicted of violating an ordinance of the Town of Guntersville, prohibiting possession of alcoholic liquors, and he appeals. Affirmed.

Rayburn, Wright & Rayburn, of Guntersville, for appellant.

The remark of the trial judge constituted reversible error. Powell v. State, 20 Ala. App. 606, 104 So. 551; Medders v. State, 19 Ala. App. 628, 99 So. 776; Moulton v. State, 199 Ala. 411, 74 So. 454; Owens v. State, 19 Ala. App. 621, 99 So. 774; Dennison v. State, 17 Ala. App. 674, 88 So. 211.

Isbell & Scruggs, of Guntersville, for appellee.

It is proper for the trial court to censure counsel for manifestly improper conduct, as persisting in asking questions the court has held improper. 38 Cyc. 1322. There is no error in the refusal of charges substantially covered by the oral charge or other given charges. Code 1923, § 9509; Jones v. State, 20 Ala. App. 96, 101 So. 67.

RICE, J. Appellant was convicted of violating a certain ordinance of the town of Guntersville, prohibiting the having in possession of alcoholic liquors, etc. There is no necessity for discussing the facts.

[1] But two questions are argued by his counsel in their brief filed in this appeal: First, it is contended that the trial court committed reversible error when, upon the cross-examination by defendant of the witness Franks, the court admonished or rebuked counsel for defendant in this language:

"* * * You have asked that enough; you just want to drag them around from first one thing to another."

A reading of the record discloses that defendant was in fact permitted to bring out all the competent evidence that was offered by him. The remark of the court merely indicates a commendable desire on his part to proceed with the case in an orderly, businesslike way, and we do not think it transcended in any particular the duty resting upon the court. The remark is easily distinguished from those condemned in Powell v. State, 20 Ala. App. 606, 104 So. 551.

[2] We do not mean to hold that defendant's written requested charge 3 might not have been well refused anyway, but it is sufficient to say that it was fairly and substantially covered by the court's oral charge.

We find nowhere any error, and the judgment is affirmed.

Affirmed.