**BAKER v. STATE.**    (7 Div. 897.)

(Court of Appeals of Alabama. July 26, 1923. Rehearing Denied Oct. 30, 1923.)

**1. Escape ⬦⟾5—Elements of offense of conveying tools to prisoner.**

The offense defined by Code 1907, § 6870, has three main ingredients, a prisoner confined under a lawful charge or conviction of a felony, the conveying into the jail of some instrument, etc., useful to aid his escape, and the intent thereby to facilitate the escape of such prisoner.

**2. Indictment and information ⬦⟾110(14)—Indictment for taking instruments into jail to aid escape held sufficient.**

An indictment for taking instruments into jail to aid escape of prisoner, substantially following the language of Code 1907, § 6870, *held* to sufficiently set out the ingredients of the offense.

**3. Criminal law ⬦⟾369(1)—Evidence of offense of similar nature not admissible, when state has shown commission of offense charged and guilty connection.**

Testimony seeking to connect the defendant with the commission of the offense charged, by proof of circumstances tending to show a different offense of a similar nature at a subsequent time, is not admissible when the state has introduced evidence showing the commission of the offense charged, and the defendant's guilty connection therewith, by direct, positive testimony of a specific act, which in itself constitutes the crime charged, and the defendant's commission thereof.

**4. Criminal law ⬦⟾371(1)—Discovery of saws on accused, more than week after offense of aiding escape charged, inadmissible.**

In a prosecution for conveying saws into a jail with intent to aid escape of a prisoner under Code 1907, § 6870, the court erred in admitting testimony relating to the discovery of saws on the person of accused. more than a week after the alleged commission of the offense for which he was prosecuted.

**5. Criminal law ⬦⟾789(16)—Instruction to acquit if conduct of defendant consistent with innocence erroneously refused.**

The court erred in refusing to charge that jury must find the defendant not guilty if his conduct upon a reasonable hypothesis was consistent with his innocence.

**6. Criminal law ⬦⟾789(16) — Instruction to acquit unless evidence excludes every reasonable supposition but guilt properly refused.**

Court properly refused to charge that, unless evidence excluded every reasonable sup-

position but that of defendant's guilt, the jury could not convict him.

**7. Criminal law ⬦⟾789(12)—Charge requiring moral certainty before conviction properly refused.**

Court properly refused to charge that, before the jury could convict defendant they must be satisfied to a moral certainty, not only that the proof was consistent with the defendant's guilt, but that it was wholly inconsistent with every other rational conclusion; and unless the jury were so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision; in matters of the highest concern and importance to his own interest, they must find the defendant not guilty.

Appeal from Circuit Court; Calhoun County; A. P. Agee, Judge.

Ellis Baker was convicted of aiding a prisoner to escape, and he appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State (Re Baker v. State) 210 Ala. 320, 97 South. 903.

The indictment is as follows:

"The grand jury of said county charges that before the finding of this indictment Ellis Baker, whose true name is to the grand jury unknown otherwise than as stated, with the purpose and intent to facilitate, aid, and assist in the escape of Talmadge Baker, a prisoner lawfully confined in the county jail of Calhoun county, Ala., under a charge of murder, a felony under the laws of Alabama, did convey into said jail certain tools or instruments useful for the purpose of aiding said Talmadge Baker to escape therefrom. consisting of saws.

"(2) The grand jury of said county further charge that before the finding of this indictment said Ellis Baker, with the intent to facilitate the escape of Talmadge Baker, who was then and there lawfully confined in the county jail of Calhoun county, Ala., under a charge of felony, to wit, murder, did convey into said jail certain saws, tools, or instruments, things useful to aid said Talmadge Baker, a prisoner as aforesaid, to escape therefrom.

"(3) The grand jury of said county further charge that before the finding of this indictment said Ellis Baker, with the intent to facilitate the escape of Talmadge Baker, a prisoner lawfully confined in the county jail of Calhoun county, Ala., under a charge of felony, to wit, murder, did cause certain saws, tools, or instruments, things useful to aid said Talmadge Baker to escape therefrom, to be conveyed or taken into said jail, by attaching said saws, tools, or instruments to a string, cord, rope, or twine hung outside a window or other aperture in said jail.

"(4) The grand jury of said county further charge that before the finding of this indictment said Ellis Baker, with the intent to facilitate the escape of Talmadge Baker, a prisoner lawfully confined in the county jail of Calhoun county, Ala., under a charge of fel-

ony, to wit, murder, did cause certain saws, tools, or instruments, things useful to aid said prisoner to escape therefrom, to be conveyed or taken into said jail, against the peace and dignity of the state of Alabama."

These charges were refused to defendant:

"(2) The court charges the jury that they must find the defendant not guilty. if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence."

"(4) The court charges the jury that, unless the evidence excludes every reasonable supposition but that of his guilt, you cannot convict him.

"(5) The court charges the jury that before the jury can convict the defendant they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced by the evidence of the defendant's guilt that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, they must find the defendant not guilty.

"(6) The court charges the jury that they should not consider any acts of defendant relating introducing saws into county jail, happening after the Sunday afternoon for which he is being tried. in determining the innocence or guilt of the defendant in this case."

Tate & Logan, of Anniston, for appellant.

Evidence of a subsequent offense was not admissible in this case. Sellers v. State, 98 Ala. 75, 13 South. 530; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; McDonald v. State, 83 Ala. 48, 3 South. 305; Stanley v. State, 88 Ala. 157, 7 South. 273; Mason v. State, 42 Ala. 532; Moore v. State, 10 Ala. App. 182, 64 South. 520; Cooper v. State, 15 Ala. App. 659, 74 South. 753; People v. Molineux, 168 N. Y. 264, 61 N. E. 286, 62 L. R. A. 355; 12 Cyc. 405; Dennison v. State, 17 Ala. App. 674, 88 South. 211; Busby v. State, 10 Ala. App. 183, 65 South. 307. The indictment was not sufficient. Hurst v. State, 79 Ala. 58; Adams v. State, 13 Ala. App. 330, 69 South. 357; Thomas v. State, 97 Ala. 3, 12 South. 409; Noble v. State, 59 Ala. 73; Norris v. State, 50 Ala. 126; Hill v. State, 145 Ala. 58, 40 South. 654; Horton v. State, 60 Ala. 72; Trammel v. State. 111 Ala. 77, 20 South. 631.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Offenses other than the one for which defendant is on trial may be shown, whether before or after the offense being tried. Jones on Evi. (2d Ed.) 166; Mayer v. People, 80 N. Y. 364; Strong v. State, 86 Ind. 208, 44 Am. Rep. 292.

FOSTER, J. The defendant was convicted for conveying saws into the Calhoun county jail, for the purpose of aiding his brother, Talmadge Baker, to escape.

The evidence for the state tended to show that shortly after Talmadge Baker was placed in the Calhoun county jail on a charge of murder, the defendant and others came to the jail on one Sunday afternoon when religious services were being conducted and 12 to 15 persons in addition to the prisoners were present.

The defendant, when he entered the corridor of the jail, started to the place in the jail where his brother, Talmadge Baker, was, and the jailor told him he would have to get back. He went back to where the negroes were and remained there an hour or more. The defendant, during that time, placed some saws tied in a rag in the negroes' cell in the jail, and, after the crowd left, a negro named Ringo threw a book containing part of the saws to Talmadge Baker.

There was evidence that the defendant was seen a week and a half or two weeks later loitering near the jail. that he was followed a short distance along the street by an officer, was arrested, and that saws were then found hanging down his back, concealed beneath his coat.

The defendant denied all connection with or knowledge of the conveying of saws into the jail on that Sunday afternoon, but admitted having saws on him at the time of his arrest.

The defendant was tried for the offense committed on Sunday afternoon. The indictment follows substantially the language of the statute. Section 6870. Code 1907.

[1, 2] The offense defined by the Code has three main ingredients—a prisoner confined under a lawful charge or conviction of a felony, the conveying into the jail of some instrument, etc., useful to aid the escape, the intent thereby to facilitate the escape of such prisoner. These ingredients are sufficiently set out in each count of the indictment, and the demurrers were properly overruled. Wilson v. State, 61 Ala. 151; Hurst v. State, 79 Ala. 55.

Most of the exceptions reserved to the evidence are so manifestly without merit, we will not take the time to point out their infirmities. It would serve no useful purpose to do so. The main question for determination is whether the court committed reversible error in its rulings admitting testimony of the acts of the defendant a week or more subsequent to the alleged commission of the offense for which he was prosecuted.

[3] Testimony seeking to connect the defendant with the commission of the offense, charged by proof of circumstances tending to show a different offense of a similar nature at a subsequent time, for which he is not on trial, is not admissible in evidence when the state has introduced evidence showing the commission of the offense charged, and the defendant's guilty connection therewith by direct, positive testimony of a specific act, which in itself constitutes

the crime charged and the defendant's commission thereof.

The court in the instant case limited the testimony of the acts of the defendant subsequent to the alleged commission of the crime with which he was charged, to proof of scienter, intent, or motive. There was no question as to the identity of the defendant. The question then arises what connection with the scienter, motive, or intent to commit the prior offense has the conduct of the defendant at a subsequent date a week or more later, when from such conduct it appeared he was preparing to commit a similar offense. The two are entirely distinct and separate.

It is well settled as a general proposition that upon the trial of a defendant for one offense, evidence of another distinct offense, though of the same nature, is inadmissible. Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Moore v. State, 10 Ala. App. 179, 64 South. 520; Gassenheimer v. State, 52 Ala. 313; Cochran v. State, 30 Ala. 542; Wickard v. State, 109 Ala. 45, 19 South. 491; 4 Michie's Dig. p. 149, par. 220 (1) (5); Dennison v. State, 17 Ala. App. 674, 88 South. 211.

Where in a criminal case it becomes necessary to show a particular intent in order to establish the offense charged, evidence of subsequent acts of the same kind, constituting distinct offenses, and occurring more than a week after the offense for which the accused is on trial, and having no connection therewith, is inadmissible. State v. Crowley, 13 Ala. 172.

[4] The court erred in admitting the testimony relating to the discovery of the saws on the defendant more than a week after the alleged commission of the offense for which he was prosecuted.

Charges 1 and 3, the affirmative charge for the defendant, were properly refused. There was a conflict in the evidence, and there was ample evidence upon which to convict the defendant.

[5] Charge 2 is a substantial copy of charge 6 in Brown's Case, 118 Ala. 111, 23 South. 81, and should have been given.

[6] Charge 4 is a substantial copy of charge 6, refused to defendant in Sherrill v. State, 138 Ala. 3, 35 South. 129; Smith v. State, 197 Ala. 193, 72 South. 316, expressly overrules all cases holding this charge to be good. The Smith Case, supra, is followed in Rikard v. State, 209 Ala. 480, 96 South. 412.

[7] Charge 5 was held good in Brown's Case, supra, but Brown's Case was expressly overruled in Shelton v. State, 144 Ala. 106, 42 South. 30, so far as it holds that this charge should have been given. It was properly refused.

Charge 6 should have been given for the reasons set out above, showing that the testimony as to the saws found on the defendant more than a week after the alleged commission of the offense for which he was on trial was inadmissible.

For the errors indicated, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.