115 So.2d 667

William **GOVAN**

v.

**STATE.**

**4 Div. 400.**

Court of Appeals of Alabama.

Nov. 10, 1959.

J. Hubert Farmer, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of transporting prohibited alcoholic liquors in quantities of five gallons or more.

The evidence presented by the State was ample in its tendencies to show that about April 1, 1957, the appellant was apprehended while driving a panel truck which contained fifty-five gallons of moonshine whiskey.

Over the appellant's objections, Mr. E. H. Jones, an Alabama highway patrolman, was permitted to testify that on February 8, 1957, at about 1:00 P.M., he saw appellant "on a 1955 Chevrolet on the Hodgeville road with approximately nine gallons of moonshine whiskey in his possession."

The court instructed the jury this evidence was admitted for their consideration only on the question of identity.

The defense evidence was directed toward establishing an alibi.

The admission of the testimony of Mr. Jones necessitates a reversal of this case.

It is fundamental under our decisions that ordinarily evidence of distinct and independent offenses is not admissible in the trial of a person accused of crime. Baker v. State, 19 Ala.App. 437, 97 So. 901; Brown v. State, 32 Ala.App. 131, 22 So.2d 445; McMurtrey v. State, 37 Ala. App. 656, 74 So.2d 528; Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

This for the reason that when a defendant is charged by indictment, he must be tried on that indictment. The very purpose of an indictment is to limit and make specific the charges that an accused will have to face. Brasher v. State, 249 Ala. 96, 30 So.2d 31. Further, care should always be taken not to convict an accused of one alleged crime because he has been guilty of another. Harden v. State, 211 Ala. 656, 101 So. 442.

Exceptions to the rule that prior offenses by an accused are admissible have been developed, where such offenses are relevant and material on the question of knowledge, intent, plan or design, motive, identity, and inseparable crimes as part of the res gestae of the offense charged. McMurtrey v. State, supra; Mason v. State, supra.

In the trial below the solicitor, in arguing the admissibility of Jones' testimony,

stated to the court: "We offer it to show this man was dealing in whiskey, a crime involving whiskey, a pattern."

 We cannot hold that the questioned testimony tended to show any pattern. The accused was charged with illegal transportation, not with dealing with whiskey. Mr. Jones' testimony that the accused was "on a Chevrolet with nine gallons of moonshine whiskey" on an afternoon several weeks prior to the present offense does not even show transportation. It has no relevancy to the present prosecution.

The court of course instructed the jury that Jones' testimony was being admitted only on the question of identity of the appellant.

In Mason v. State, 259 Ala. 438, 66 So. 2d 557, 560, 42 A.L.R.2d 847, Justice Stakely has written a very clear and definitive opinion as to the admission of other offenses in criminal prosecutions. As to the admission of such evidence as going to the identity of the accused, we quote the following from the above mentioned opinion:

"On the matter of identity we quote from Judge McElroy's The Law of Evidence in Alabama, as follows:

" 'All evidence tending to prove a person's guilt of the offense charged may loosely be said to identify him as the guilty person. But identity, as here considered, assumes what may be called a "mark" upon the guilty person; and proposes to show that defendant is the person having that mark, as evidenced by its being there in his commission of another similar offense. Wigmore, Sec. 410–412. Thus, when it is shown that the person who committed the offense committed it in a novel and peculiar manner, it may be shown that the defendant committed other offenses in the same novel and peculiar manner. * * * But evidence of accused's commission of other offenses which does nothing more than indicate the accused's inclination or propensity to commit the type of crime charged is not admissible as tending to show identity. Brasher v. State, 249 Ala. 96, 30 So.2d 31.'

"We do not think it can be seriously contended that the other three crimes introduced in evidence in the case at bar have anything in common with the crime alleged in the case at bar that would mark the crime charged as having been committed by the defendant."

The above quotation clearly demonstrates that the court erred in admitting Jones' testimony. Numerous additional authorities sustaining our view that this case must be reversed because of the court's ruling admitting Jones' testimony may be found in 6 Alabama Digest, Criminal Law, ☞369(6).

Reversed and remanded.