Parvin Bolden, the appellant, was convicted for robbery in the first degree, was fined $1,000 and was sentenced to life imprisonment. In addition, he was ordered to pay $230 in restitution and to pay $500 to the victims' compensation fund.
The appellant's conviction must be reversed due to the admission of evidence regarding a second robbery and shooting of a police officer.
The appellant was indicted for the robbery which occurred at a Citgo Food Store, located at 2214 Denton Road in Dothan, Alabama, at approximately 12:30 on the morning of Sunday, November 26, 1989. The appellant was positively identified by Bill Warnick, the cashier, both at trial and in a police lineup that was conducted on December 8, 1989.
At trial, Mr. Warnick testified that the appellant walked to within "approximately one foot" (R. 78) of him inside the store and announced, "This is a stick up." (R. 79). The appellant then "pulled a grey stocking mask [from on top of his head] approximately three-fourths over his face." R. 79, 80. The stocking mask had a knot on the top. The appellant was armed with and displayed both a knife and a nine millimeter pistol during the commission of the robbery. He left the store on foot carrying the money and the store's bank bags.
After the denial of the appellant's pretrial motion made immediately before trial and over his objection at trial, the prosecution was allowed to present evidence through the testimony of two Dothan police officers that shortly after 7:00 on the morning of December 3, 1990, a robbery had occurred at a Hobo Pantry in Dothan. The appellant and another man were observed apparently fleeing the scene. The appellant was carrying a money bag in his hand. Dothan police officer Anthony Westberry pursued and captured the appellant. As he attempted to handcuff the appellant, the appellant grabbed the officer's shotgun. A struggle ensued and both the officer's shotgun and his revolver where discharged a number of times. Finally, the appellant gained control of the officer's revolver and shot the officer in the right leg. The appellant was apprehended that night at his mother's home. He had been shot in the chest at least three times. At the scene of the shooting, a stocking mask with a knot on the top was discovered.
The appellant rested his case without presenting any witnesses, without testifying in his own behalf, and without presenting any defense.
On appeal, the State argues that the admission of the second robbery and shooting was admissible to prove the appellant's identity. At trial, the prosecution was permitted to introduce the testimony concerning the second robbery to show the "chain of custody" of the stocking mask. We find that the identity of the robber of the Citgo Food Store was never placed in issue, and therefore, the admission of the evidence of the second robbery and the shooting of the police officer constitutes reversible error.
"The identity exception to the general exclusionary rule only becomes applicable when the identity of the person who committed the now-charged crime is in issue." C. Gamble,McElroy's Alabama Evidence § 69.01(8) (4th ed. 1991).
 "The issue presented is, does a plea of not guilty, where the defendant offers no other defense, and where the witness made a positive identification based upon her observation of defendant at the first robbery, place his identity in issue, so as to justify admission of a separate and distinct subsequent offense. The answer is no. Admission of evidence of the subsequent robbery is reversible error.
". . . .
 ". . . Likewise, in the instant case, merely entering a plea of not guilty without presenting any witnesses, or an alibi, or other defense, did not place identity in issue. The fact that the victim made a positive identification of the defendant, both in court and at a lineup, and testified that she did not have to rely on the *Page 913 
subsequent encounter with the defendant to make those positive identifications, serves to strengthen the position that the introduction was erroneous.
 " 'Testimony seeking to connect the defendant with the commission of the offense charged, by proof of circumstances tending to show a different offense of a similar nature at a subsequent time, for which he is not on trial, is not admissible in evidence when the State has introduced evidence showing the commission of the offense charged, and the defendant's guilty connection therewith by direct, positive testimony of a specific act, which in itself constitutes the crime charged and the defendant's commission thereof' (Emphasis added.) Baker [v. State, 19 Ala. App. 437, 97 So. 901, cert. denied, 210 Ala. 320, 97 So. 903 (1923), overruled on other grounds, Rountree v. State, 20 Ala. App. 225, 101 So. 325 (1924)]."
Williams v. State, 350 So.2d 708, 709-10 (Ala. 1977). See alsoScott v. State, 353 So.2d 36, 38 (Ala.Cr.App.), cert. denied,353 So.2d 40 (Ala. 1977).
 "The identity of the person who actually committed the acts with which the defendant was charged was not at issue. The defendant did not argue that 'someone else committed the acts with which he was charged'; instead, he merely denied that the acts ever occurred. Therefore, because there was no 'real and open' issue concerning identity, the collateral acts could not be admissible as going toward such an issue."
Anonymous v. State, 507 So.2d 972, 975 (Ala. 1987).
Furthermore, a comparison of the circumstances surrounding both robberies fails to disclose "such a concurrence of commonfeatures that the various acts are naturally to be explained ascaused by a general plan of which they are the individualmanifestations." United States v. Dothard, 666 F.2d 498, 502
(11th Cir. 1982) (emphasis in original), quoted in Ex parteArthur, 472 So.2d 665, 669 (Ala. 1995).
"The following language concerning the identity exception is found in McElroy's, supra, at § 69.01(8):
 " 'All evidence tending to prove a person's guilt of the now-charged crime may be said to identify him as the guilty person. However, the identity exception to the general exclusionary rule is much more specific in that it contemplates the situation where the now-charged crime was committed in a novel and peculiar manner and the state is allowed to show that the accused has committed other similar offenses, in the same novel and peculiar manner, in order to show him the perpetrator of the now-charged crime.' (Emphasis added.) (Footnote omitted.)
 "In other words, evidence of a prior crime is admissible only when the circumstances surrounding the prior crime and those surrounding the presently charged crime 'exhibit such a great degree of similarity that anyone viewing the two offenses would naturally assume them to have been committed by the same person.' Brewer [v. State, 440 So.2d 1155, 1161 (Ala.Cr.App. 1983)]."
Arthur, 472 So.2d at 668. The Supreme Court made it clear that "[t]he entire circumstances surrounding both [offenses] must be compared." Arthur, 472 So.2d at 668-69. Here, the only factor common to both robberies was the bare assumption that the appellant wore a stocking mask during the commission of each. However, that assumption is mere speculation because there wasno testimony as to how the second robbery was committed. Here, the required comparison of the two offenses was never attempted and because the prosecution did not show even a significant degree of similarity between the two offenses, the trial judge's finding that the "probative value [of the evidence relating to the second robbery] outweighs [its] prejudicial effect" (R. 59) is clearly erroneous.
"Evidence of prior [or subsequent] bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue. Kilpatrick v. State, *Page 914 51 Ala. App. 352, 285 So.2d 516 (1973), cert. denied, 291 Ala. 628, 285 So.2d 525 (1973). Therefore, the admission of such evidence constitutes reversible error." Ex parte Cofer,440 So.2d 1121, 1124 (Ala. 1983).
The judgment of the Circuit Court of Houston County in case CC-90-120 is reversed. This cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.