Willie Baker was convicted of robbery in the first degree, a violation of § 13A-8-41(a)(1), Ala. Code 1975, and was sentenced to 25 years' imprisonment. Baker filed a motion for a new trial on the principal ground that the trial court improperly admitted, in violation of Rule 404(b), Ala. R. Evid., evidence of a collateral act, another robbery reportedly committed by Baker. After a hearing, the trial court denied the motion. Baker appealed, and the Court of Criminal Appeals affirmed Baker's conviction and sentence in an unpublished memorandum. Baker v.State (No. CR-97-0807), 744 So.2d 956 (Ala.Crim.App. 1998) (table). Baker petitioned this Court for a writ of certiorari, which we granted to determine whether the admission into evidence of the testimony about the other robbery did violate the general exclusionary rule of Rule 404(b).
At trial, the State offered testimony from a witness who was robbed a month before the charged offense. The State offered the testimony for the purpose of proving identity, which Baker's counsel had placed in issue through his cross-examination of the State's other witnesses. Defense counsel objected to the testimony on the grounds that the testimony was irrelevant, immaterial, and prejudicial. The trial court allowed the witness to testify for the limited purpose of establishing Baker's identity. At the close of all the evidence, defense counsel moved for a mistrial on the grounds that the testimony about Baker's collateral conduct was not relevant and that the collateral conduct was not similar to the charged offense. When the trial court denied the motion, defense counsel requested the trial court to instruct the jury that the testimony was admissible only to show Baker's identity in the charged offense, not to show Baker's *Page 679 
bad character. The trial court refused to give any limiting instruction concerning the collateral-conduct testimony.
Defense counsel again challenged the admissibility of the collateral-conduct testimony in a motion for a new trial. At a hearing on the motion, counsel argued that the testimony was inadmissible under the general exclusionary rule of Rule 404(b), and that the identity exception was not applicable because there was no evidence that the collateral act and the charged offense were committed in the same novel or peculiar manner.
Rule 404(b) provides that evidence of a collateral act by the defendant is not admissible to prove the bad character of the defendant. "`Evidence of prior [or subsequent] bad acts of a criminal defendant is presumptively prejudicial to the defendant.'" Bolden v. State, 595 So.2d 911, 913 (Ala.Crim.App. 1991), cert. denied, 595 So.2d 914 (Ala. 1992) (quoting Ex parteCofer, 440 So.2d 1121, 1124 (Ala. 1983)). However, such evidence is admissible for other material purposes, including proof of identity. Rule 404(b). Collateral-act evidence is admissible to prove identity only when the identity of the person who committed the charged offense is in issue and the charged offense is committed in a novel or peculiar manner. C. Gamble, McElroy'sAlabama Evidence § 69.01(8) (5th ed. 1996); Ex parte Arthur,472 So.2d 665 (Ala. 1985); and Robertson v. State, 680 So.2d 929
(Ala.Crim.App. 1994). "Under the identity exception to the general exclusionary rule prohibiting the admission of other or collateral crimes as substantive evidence of the guilt of the accused, the prior crime is not relevant to prove identity unless both that and the now-charged crime are `signature crimes' havingthe accused's mark and the peculiarly distinctive modus operandiso that they may be said to be the work of the same person."Bighames v. State, 440 So.2d 1231, 1233 (Ala.Crim.App. 1983) (emphasis added). "[E]vidence of a prior crime is admissible only when the circumstances surrounding the prior crime and those surrounding the presently charged crime `exhibit such a great degree of similarity that anyone viewing the two offenses would naturally assume them to have been committed by the same person.'"Ex parte Arthur, 472 So.2d at 668 (quoting Brewer v. State,440 So.2d 1155, 1161 (Ala.Crim.App. 1983)). See also Mason v.State, 259 Ala. 438, 66 So.2d 557 (1953); and Govan v. State,40 Ala. App. 482, 115 So.2d 667 (1959) (recognizing that the identity exception is applicable only where both the prior crime and the charged offense were committed in the same special or peculiar manner).
Regarding the admissibility of Rule 404(b) evidence to prove identity, the United States Court of Appeals for the Eleventh Circuit has stated that a court must determine that:
 "(1) the evidence is relevant to an issue other than defendant's character; (2) there is sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the extrinsic act; and (3) the evidence possesses probative value outweighing any prejudicial effect."[1]
United States v. Clemons, 32 F.3d 1504, 1508 (11th Cir. 1994),cert. denied, 514 U.S. 1086 (1995). "When extrinsic offense evidence is introduced to prove identity, the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused." Id. at 1508 (quoting United States v. Miller,959 F.2d 1535, 1539 (11th Cir. 1992) (quoting United States v. Beechum,582 F.2d 898, 912 n. 15 (5th Cir. 1978) (en banc))). See also UnitedStates v. Cardenas, 895 F.2d 1338, 1343 (11th Cir. *Page 680 
1990); and C. Gamble, McElroy's Alabama Evidence § 69.01(8) (stating that a greater degree of similarity between the chargedoffense and the collateral act is required for admissibility toprove identity than for admissibility to prove intent or knowledge).
In this case, the circumstances of the collateral act and the charged offense are not similar in any substantial degree of detail and are not novel or peculiar. The witness who testified about Baker's collateral conduct stated that, on the night of September 20, 1997, she and a male friend were exiting Leo's Lounge on Wilson Avenue in Prichard when Baker and another man accosted them. She testified that Baker grabbed her purse and said "give it up" while the other man, who was armed with a pistol, reached into her friend's pocket and demanded that he also "give it up." Although the witness could not identify the clothes worn by the robbers, she was certain that Baker was the man who took her purse because she could "identify him by his eyes." The witness identified Baker in a photo-lineup and in court.
The victim in the charged offense testified that, on the night of October 21, 1997, he stopped his car on the side of Wilson Avenue so his female friend could use a pay telephone located across the street from Leo's Lounge. He was standing beside his car waiting for his friend when two black men, one of whom was armed with a shotgun, robbed him of his tennis shoes, $35.00, and his car keys. The robbers allowed the victim and his female friend to run across the street to Leo's Lounge. They then searched the victim's car and took the wallet from the purse of the victim's friend. In a photo-lineup and in court, the victim identified Baker as the man who pointed the shotgun at him.
The only similarities between the collateral act and the charged offense are that the robberies occurred at night and within 100 yards of each other on the same street. The differences between the robberies are great. The robberies occurred over a month apart. The armed robber in each offense was different: Baker's accomplice was the armed robber in the collateral act and Baker was the one armed in the charged offense. Different weapons were used: a pistol in the collateral act and a shotgun in the charged offense. The gender of the victims and the property taken from the victims were different: the female victim of the collateral act had her purse taken, and the male victim of the charged offense had his tennis shoes, cash, and car keys taken.
There is no evidence that the collateral act and the charged offense were both committed in a unique, novel, or peculiar manner that would distinguish them as the handiwork of the accused. Therefore, the testimony about the prior robbery reportedly committed by Baker was inadmissible in the trial of the charged offense. Because the trial court erred in admitting this prejudicial collateral-act evidence, the judgment of the Court of Criminal Appeals is reversed and the cause remanded with instructions for the Court of Criminal Appeals to remand it to the trial court for a new trial.
REVERSED AND REMANDED.
Maddox, Cook, See, Lyons, and England, JJ., concur.
Hooper, C.J., and Houston, J., dissent.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] Rule 404(b), Ala. R. Evid, which is modeled after Rule404(b), Fed.R.Evid., requires that evidence of collateral acts be excluded if its probative value is substantially outweighed by its prejudicial effect. See Rule 403; and C. Gamble, Gamble'sAlabama Rules of Evidence § 404(b) (1995).