STUART, Justice
(dissenting).
I find the opinion of the Court of Criminal Appeals on return to remand most disturbing. Draper v. State, 886 So.2d 105, 113 (Ala.Crim.App.2002). I agree with the Court of Criminal Appeals that courts must follow precedent regarding the circumstances in which evidence of a *122 defendant’s prior offense — in this case, evidence of Johnny Lee Draper’s 1991 conviction for possession of cocaine — can be admitted, and that the evidence the State presented here did not meet the “signature crimes” requirement. See Ex parte Baker, 780 So.2d 677, 679-80 (Ala.2000). However, when Draper created a material issue as to identity, he heightened the probative value of the evidence of motive. The Court of Criminal Appeals concluded that evidence of “such a general and undifferentiated motive to make money,” 886 So.2d at 120, is not sufficiently probative to substantially outweigh the danger of unfair prejudice a defendant suffers with the admission of evidence of a prior conviction. I disagree.
Evidence presented to prove the commission of most drug offenses is not novel or peculiar. Most of the time the evidence of the various drug offenses committed by a defendant is general and undifferentiated. Thus, when a defendant claims that he did not commit the drug offense, evidence of motive, even such a general motive as to make money, becomes extremely probative. Therefore, I disagree with the Court of Criminal Appeals that the probative value of the collateral bad-act evidence in this case, in light of Draper’s defense, was substantially outweighed by the danger of unfair prejudice.
Draper’s defense was that he did not commit the offense. When Draper placed identity at issue, the State’s need to present evidence of motive became critical. Draper created the material issue as to whether he had the motive to make money that would cause him to commit the offense. The evidence of his prior conviction answered that question. It was material, relevant, and critical. Therefore, the evidence of motive became reasonably necessary to the State’s case; its value was not negligible. Indeed, the Court of Criminal Appeals stated, “[t]he fact that Draper had previously sold cocaine and had made large sums of money doing so tends to suggest that he would continue the sales in order to continue making large sums of money.” 886 So.2d at 119. Thus, the Court of Criminal Appeals recognized that the evidence of motive, while it did not meet the identity exception, was probative.
I find tenuous the Court of Criminal Appeals’ holding that the probative value of the evidence of motive in this case was substantially outweighed by the danger of unfair prejudice. The line drawn by the Court of Criminal Appeals that “the prejudicial effect was high, given the similarities between the prior crime and the present crimes, similarities that, although not sufficient for admissibility under the identity exception, were sufficient enough, we believe, to draw the jurors minds away from the main issue,” 886 So.2d at 121, is simply too flimsy. The offenses were distinct enough not to be signature crimes; therefore, the offenses were distinct enough to not be unfairly prejudicial. Consequently, the admission of the evidence of the prior conviction as evidence of motive, in light of Draper’s defense, did not create a danger of unfair prejudice that substantially outweighed the evidence’s probative value.
The trial court recognized the probative value of this evidence and found that the probative value was not substantially outweighed by the prejudice. The trial court adequately instructed the jury on the use of the evidence of Draper’s prior offense. The trial court did not exceed the scope of its discretion by admitting the evidence. Consequently, I believe that the State established a conflict worthy of our review; therefore, I dissent from this Court’s denial of certiorari review.