Based on the Alabama Supreme Court's decision in Casey and the particular facts of this case, I am compelled to agree with the majority opinion. However, I write specially to urge the Alabama Supreme Court to revisit and to overrule or, alternatively, limit the application of Casey.
First, it appears that the restrictive language in Casey is inconsistent with the broad language of Rule 404(b), Ala. R. Evid., and its nonexhaustive list of other purposes for which evidence about collateral acts may be admitted against a defendant. This apparent inconsistency could be caused by the fact that many of the cases upon which the Alabama Supreme Court relied in Casey were decided many years before Rule 404(b), Ala. R. Evid., was adopted.
Second, the decision in Casey could be read to require that the factual specifics of collateral acts be admitted into evidence in a subsequent prosecution. However, Rule 404(b), Ala. R. Evid., does not include such a requirement. In fact, in many instances, admitting such facts into evidence during a trial for a subsequent offense would be even more prejudicial to a defendant than simply admitting evidence that the defendant had committed a particular collateral act. *Page 820 
For these reasons, the Alabama Supreme Court should overruleCasey. Rather than attempting to establish a bright-line rule for the admissibility of collateral act evidence, the Alabama Supreme Court should hold that the admissibility of collateral act evidence should be determined on a case-by-case basis after evaluating its relevance using Rule 401, Ala. R. Evid., and applying the balancing test set forth in Rule 403, Ala. R. Evid.
Alternatively, like the cases in which collateral act evidence is admitted for the limited purpose of establishing identity, theCasey decision should be limited to those cases in which collateral act evidence is admitted for the limited purpose of establishing knowledge. See Ex parte Baker, 780 So.2d 677 (Ala. 2000); Stegall v. State, 628 So.2d 1009 (Ala.Crim.App. 1993);Bighames v. State, 440 So.2d 1231 (Ala.Crim.App. 1983). Also, the holdings in Casey that the error was not harmless and that the trial court's limiting instruction was not sufficient to ameliorate the harm should be clarified. Specifically, those holdings should not be read to mean that such an error could never be harmless or that a limiting instruction would never be sufficient to ameliorate the harm from such an error.